1  ELENA R. BACA (SB# 160564)
   elenabaca@paulhastings.com
2  JUDITH M. KLINE (SB# 157354)
   judykline@paulhastings.com
3  SANDRA N. BENJAMIN (SB# 260633)
   sandrabenjamin@paulhastings.com
4  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   515 South Flower Street
5  Twenty-Fifth Floor
   Los Angeles, CA  90071-2228
6  Telephone:  (213) 683-6000
   Facsimile:  (213) 627-0705
7
   Attorneys for Defendant
8  UNITED PARCEL SERVICE, INC.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                              CV09-7717 GW (SHx)

12  MICHAEL MARLO,          CASE NO.

13           Plaintiff,     **NOTICE OF REMOVAL TO
                            FEDERAL COURT**
14       vs.

15  UNITED PARCEL SERVICE, INC.,   (Superior Court of California for the
    and DOES 1-100,               County of Los Angeles –
16                                No. BC402627)
             Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

1  TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT

2  COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND PLAINTIFF

3  MICHAEL MARLO AND TO HIS ATTORNEYS OF RECORD, JOHN A.

4  FURUTANI, ESQ. AND THE LAW OFFICES OF FURUTANI & PETERS, LLP:

5

6        PLEASE TAKE NOTICE that Defendant United Parcel Service, Inc.

7  ("Defendant" or "UPS") hereby removes this action from the Superior Court of the

8  State of California for the County of Los Angeles to the United States District

9  Court for the Central District of California.  This removal is based on diversity of

10  citizenship, 28 U.S.C. §§ 1332, 1367, and 1441(a) and (b), for the reasons stated

11  below:

12

13        1.    On or about November 24, 2008, Plaintiff Michael Marlo

14  ("Marlo" or "Plaintiff") filed a Complaint in the Superior Court of the State of

15  California for the County of Los Angeles entitled:  *Michael Marlo v. United*

16  *Parcel Service, Inc.; Diversified Risk Management, Inc., a California corporation;*

17  *George J. Ramos, Jr., an individual; Juan Cobian, an individual; and Does 1-100*,"

18  designated as Case No. BC402627.  Plaintiff alleged nine purported causes of

19  action against Defendants:  (1) Retaliation; (2) Wrongful Termination; (3)

20  Intentional Infliction of Emotional Distress; (4) Intentional Interference With

21  Prospective Economic Advantage; (5) Negligent Interference With Prospective

22  Economic Advantage; (6) False Imprisonment; (7) Defamation; (8) Conversion;

23  and (9) Waiting Time Penalties.

24

25        2.    On December 2, 2008, Plaintiff served a copy of the summons

26  and complaint on UPS.  *See* Declaration of Judith M. Kline, dated October 23,

27  2009, filed concurrently herewith ("Kline Decl.") ¶ 3, Ex. 2.

28

NOTICE OF REMOVAL TO
FEDERAL COURT

1        3.      On December 2, 2008, Plaintiff served a copy of the summons

2  and complaint on defendant Diversified Risk Management, Inc. ("Diversified").

3  *See* Kline Decl. ¶ 4, Ex. 3.  As alleged in the Complaint, Diversified was and is a

4  citizen of the State of California within the meaning of 28 U.S.C. Section 1332(a),

5  because it is a California corporation doing business in Los Angeles County,

6  California.  *See Id.*, Ex. 2 at ¶ 3.

7

8        4.      On December 5, 2008, Plaintiff served a copy of the summons

9  and complaint on individual defendant George J. Ramos, Jr. ("Ramos").  *See* Kline

10  Decl. ¶ 4, Ex. 3.  On December 9, 2008, Plaintiff served a copy of the summons and

11  complaint on individual defendant Juan Cobian ("Cobian").  *See id.*  As alleged in

12  the Complaint, both Cobian and Ramos were, and are, citizens of the State of

13  California within the meaning of 28 U.S.C. Section 1332(a), because both Cobian's

14  and Ramos' places of residence are within the State of California.  *See Id.*, Ex. 2

15  at ¶¶ 4, 5.

16

17        5.      Similarly, at the time this action was commenced, Plaintiff was

18  a citizen of the State of California within the meaning of 28 U.S.C. Section 1332(a).

19  At all times relevant to the Complaint and at the time of filing this action, Plaintiff

20  was a resident of the State of California.  *See* Kline Decl., Ex. 2 at ¶ 1.  Since

21  February 8, 1995, Plaintiff has owned a home, which is located within the State of

22  California, in the County of Los Angeles.  *See* Request for Judicial Notice, dated

23  October 23, 2009 ("RJN") filed concurrently herewith ¶ 1, Ex. A.  Plaintiff worked

24  for UPS in California and has represented that he lives in Palmdale, California.

25  Declaration of Julie Senaga ("Senaga Decl.") dated October 22, 2009 filed

26  concurrently herewith ¶¶ 2-3.  At his deposition in this action on February 13, 2009,

27  Plaintiff testified that, since his employment with UPS ended on November 12,

28  2008, he has not moved and does not plan to move.  Kline Decl. ¶ 12, Ex. 226.  On

NOTICE OF REMOVAL TO
FEDERAL COURT

September 8, 2009, Plaintiff obtained his California Real Estate Salesperson License, which also indicates that his current address continues to be within the State of California. *See* RJN ¶ 2, Ex. B.

6.     UPS now is, and was at the time this action was commenced, a citizen of the State of Ohio and the State of Georgia within the meaning of 28 U.S.C. § 1332(c)(1), because it is now, and was at the time this action was commenced, incorporated under the laws of the State of Ohio, and its principal place of business was and is in the State of Georgia.  Declaration of Ryan C. Swift dated October 22, 2009 filed concurrently herewith ¶¶ 2-9.

7.     Accordingly, pursuant to 28 U.S.C. Section 1332, diversity of citizenship did not exist at the time Plaintiff filed his Complaint because Plaintiff alleged Cobian, Ramos, and Diversified to be citizens of the State of California, as defined by 28 U.S.C. Section 1332(a)(1).  *See* Compl. ¶¶ 3-5.  However, at Plaintiff's request, Diversified, Cobian and Ramos have been voluntarily dismissed with prejudice from the lawsuit on October 22, 2009.  *See* Kline Decl. ¶ 8, Ex. 222.

8.     The presence of Doe defendants in this case has no bearing on diversity with respect to removal.  *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

9.     Thus, as of October 22, 2009, because Plaintiff and UPS are citizens of different states, there is complete diversity between the parties. Pursuant to 28 U.S.C. Section 1332, the Complaint, and each remaining cause of action contained therein, may be properly removed on the basis of diversity of

NOTICE OF REMOVAL TO
FEDERAL COURT

1   citizenship jurisdiction, if the matter in controversy exceeds the sum of $75,000,

2   exclusive of interest and costs.  *See* 28 U.S.C. § 1332.  It does.

3

4          10.    Here, Plaintiff's Complaint seeks an unspecified amount of

5   general, special, and punitive damages, and costs and attorneys' fees in connection

6   with the causes of action set forth in his Complaint.  *See generally Id.*, Ex. 2.

7   Plaintiff's failure to specify in his Complaint the amount of damages he seeks,

8   however, does not deprive this Court of jurisdiction.  *See White v. J.C. Penney Life*

9   *Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove a suit to

10  federal court notwithstanding the failure of plaintiff to plead a specific dollar

11  amount in controversy; if the rules were otherwise, "any plaintiff could avoid

12  removal simply by declining . . . to place a specific dollar value upon its claim.").

13

14         11.    The amount in controversy in this action exceeds $75,000.  On

15  May 11, 2009, Plaintiff served his verified responses to UPS's Form Interrogatories

16  – Employment Law.  Kline Decl. ¶ 10, Ex. 7.  In his response to Form Interrogatory

17  – Employment Law No. 210.3, Plaintiff asserts his anticipated damages to be "in

18  excess of $90,000 annually" since his termination on November 12, 2008.  *Id.*

19  Additionally, on or about September 12, 2009, Plaintiff served his verified

20  Supplemental Response to Form Interrogatories – Employment Law, stating in his

21  supplemental response to Form Interrogatory – Employment Law No. 213.1 that

22  the amount of punitive damages he seeks "is estimated to be in excess of

23  approximately $8 million."  *Id.*, Ex. 225.

24

25         12.    This Notice of Removal is timely.  It is being filed within

26  thirty (30) days of receipt of the October 22, 2009 Order dismissing Diversified,

27  Cobian and Ramos with prejudice, making this matter removable pursuant to

28

-4-

1    28 U.S.C. Section 1332.  Moreover, this Notice of Removal is made within less
2    than one year of the commencement of this action.  *See* 28 U.S.C. § 1446(b).
3
4          13.    Accordingly, because there is now complete diversity and
5    because the amount in controversy threshold is met, the requirements for removal
6    under 28 U.S.C. Sections 1332(a) and 1441(a) are satisfied.
7
8          14.    Moreover, in accordance with 28 U.S.C. Section 1446(d), UPS
9    will, promptly after filing the Notice of Removal, give written notice of the Notice
10   of Removal to the adverse party and will file a copy of this Notice of Removal with
11   the Clerk of the Court of the Superior Court of the State of California for the
12   County of Los Angeles.  Copies of these Notices are attached as Exhibits 223-224
13   respectively, to the Kline Declaration.  Exhibits to the Kline Declaration constitute
14   the docket sheet, and all process, pleadings and orders served on or by
15   Petitioner/Defendant in this action as required under 28 U.S.C. Section 1446(a).
16   *See* Kline Decl. ¶¶ 2-4, 7-9, and 11, Exs. 1-3, 5, 8-222, and 227.
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF REMOVAL TO
FEDERAL COURT

1          WHEREFORE, UPS hereby removes the above-entitled action now

2    pending before the Superior Court of the State of California for the County of Los

3    Angeles to this Court.

4

5    DATED:  October 23, 2009          ELENA R. BACA
                                       JUDITH M. KLINE
6                                      SANDRA N. BENJAMIN
                                       PAUL, HASTINGS, JANOFSKY & WALKER LLP
7

8                                      By: _____

9                                                    ELENA R. BACA

10                                     Attorneys for Defendant
                                       UNITED PARCEL SERVICE, INC.

11

12

13   LEGAL_US_W # 62969311.1

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                     -6-

1 | John A. Furutani, Esq. CSB #161757
2 | FURUTANI & PETERS, LLP
  | 350 W. Colorado Blvd., Suite 200
  | Pasadena, CA 91105
3 | (626) 844-2437
  | Fax (626) 844-2442
4 |
  | Attorneys for plaintiff

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 2 4 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

6 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

7 | FOR THE COUNTY OF LOS ANGELES – UNLIMITED JURISDICTION

MICHAEL MARLO, an individual,

Plaintiff,

vs.

UNITED PARCEL SERVICE, INC.;
DIVERSIFIED RISK MANAGEMENT, INC.,
a California corporation; GEORGE J. RAMOS,
JR., an individual; JUAN COBIAN, an
individual; and DOES 1-100.

Defendants.

CASE NO.:    B C 4 0 2 6 2 7

COMPLAINT FOR:

1. Retaliation
2. Wrongful Termination
3. Intentional Infliction of Emotional Distress
4. Intentional Interference With Prospective
   Economic Advantage
5. Negligent Interference With Prospective
   Economic Advantage
6. False Imprisonment
7. Defamation
8. Conversion
9. Waiting Time Penalties

Plaintiff, Michael Marlo, hereby alleges as follows:

    1.    At all times mentioned herein, plaintiff was and is a resident of Los Angeles County, California.

    2.    Defendant United Parcel Service, Inc. (hereafter "UPS") is a corporation doing business in California.

    3.    Defendant Diversified Risk Management, Inc. is a California corporation doing business in Los Angeles County, California and at all times herein acted as an agent for defendant UPS.

    4.    Plaintiff is informed and believes and thereon alleges that defendant George J. Ramos, Jr. is an individual employed by defendant Diversified Risk Management, Inc. in a management position and a resident of the State of California.

-1-

COMPLAINT

5.    Plaintiff is informed and believes and thereon alleges that defendant Juan Cobian is an individual employed by defendant Diversified Risk Management, Inc. in a management position and a resident of the State of California.

6.    The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1-100, inclusive, are unknown to plaintiff, who therefore sues said Doe defendants by such fictitious names. Plaintiff will seek leave of Court to amend this pleading when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each fictitiously-named defendant is responsible to plaintiff for the injuries and damages suffered and alleged herein, or is subject to the jurisdiction herein requested.

7.    Plaintiff is further informed and believes and thereon alleges that all defendants acted as agents, employees, co-venturers and partners of each other, and that while acting in the course and scope of their agency, employment, co-venturership and partnership, they performed the acts and conduct alleged herein, and that said acts and conduct were ratified and approved by each of the defendants.

8.    Plaintiff has been employed by UPS for over 22 years, and was last employed as a full-time supervisor on November 12, 2008.

9.    In early 2003, plaintiff filed a complaint with the California Department of Labor Standards Enforcement ("DLSE") regarding unpaid overtime due him from defendant UPS. The DLSE rejected that complaint due to the complex nature of plaintiff's claim.

10.    On or about May 6, 2003, plaintiff filed a class action complaint against UPS on behalf of three classes of UPS supervisors within California, which included causes of action for unpaid overtime, failure to provide required meal and rest periods or otherwise compensate employees for missed meal and rest periods, and for declaratory relief so that UPS would be required to re-classify all such supervisors as non-exempt employees under California law. That case was certified as a class action which involved approximately 1,300 class members and included estimated damages in excess of $400 million. The case is *Michael Marlo v. United Parcel Service, Inc.*, Case No. CV 03-4336 DDP(RZx) and is currently pending in the United

-2-

COMPLAINT

1    States District Court for the Central District of California. The class was decertified on or about

2    May 19, 2008, and plaintiff has advised defendant UPS of his intention to appeal the

3    decertification order and seek reinstatement of the class. Plaintiff is informed and believes and

4    thereon alleges that due to the significant financial exposure facing UPS from his class action

5    lawsuit, UPS was required to disclose the existence of plaintiff's class action lawsuit against UPS

6    in various filings with the United States Securities and Exchange Commission as UPS' potential

7    damages exposure from the class action lawsuit filed by plaintiff represented a significant legal

8    threat to UPS. Since late July 2008, plaintiff's class action lawsuit has spawned over fifty (50)

9    individual lawsuits filed against UPS by former class members who were or are currently

10   employed as UPS supervisors and managers, seeking damages for unpaid overtime and missed

11   meal and rest periods, punitive damages, and a reclassification to non-exempt status by active

12   employees.

13       11.    Plaintiff further filed a complaint against UPS for Department of Transportation

14   violations, and was subpoenaed by a government agency in mid-2008 to appear as a witness

15   regarding alleged health and safety violations by UPS towards its package drivers ("the OSHA

16   hearing"). In 2008, plaintiff also advised his managers, division managers and other UPS

17   personnel that plaintiff intended to make efforts to unionize UPS' supervisors.

18       12.    Since plaintiff filed his class action lawsuit against defendant UPS and continuing

19   through November 2008, UPS has repeatedly denied plaintiff a promotion to a manager position.

20   Plaintiff has been recommended for promotion to a manager position by two division managers

21   and his direct managers, but UPS has refused to promote plaintiff to a manager position. On or

22   about November 5, 2008, UPS Human Resources Division Manager Lisa Cerqueira told plaintiff

23   that he was "a leader", "was influential to his peers" and that she "was surprised that he was not a

24   manager yet".

25       13.    Plaintiff is informed and believes that sometime in 2008, defendant Diversified

26   Risk Management, Inc. was hired by defendant UPS and/or representatives of defendant UPS to

27   gather information regarding plaintiff. Plaintiff is informed and believes and thereon alleges that

28   defendants George J. Ramos, Jr. and Juan Cobian were selected by defendant Diversified Risk

-3-

COMPLAINT

Management, Inc. to gather information for the benefit of defendant UPS. Plaintiff is informed and believes and thereon alleges that defendants UPS, Diversified Risk Management, Inc., Ramos and Cobian conspired with each other to formulate scenarios whereby defendant UPS could claim justification for plaintiff's termination by defendant UPS, including but not limited to presenting falsified evidence to be used against plaintiff.

14.    On or about October 27, 2008, during plaintiff's working hours at plaintiff's workplace in Sylmar, California, plaintiff was directed by defendant UPS to meet with two individuals in a closed room. Plaintiff proceeded to the directed area and was confronted by defendants Ramos and Cobian, acting on behalf of themselves and defendants Diversified Risk Management, Inc. and UPS. After plaintiff requested defendants Ramos and Cobian to identify themselves, defendants Ramos and Cobian stated to plaintiff that they were private detectives hired by defendant UPS to question plaintiff regarding an alleged incident which occurred with DOE 1 in early October 2008 when plaintiff was off work and attempting to depart the UPS parking lot. Plaintiff advised defendants Ramos and Cobian that he was in ongoing litigation with UPS and that he would not tell them anything. Defendants Ramos and Cobian, on behalf of defendants Diversified Risk Management, Inc. and UPS, told plaintiff that he "had no choice" and that he "had to cooperate" with them. Plaintiff advised them that he was not going to tell them anything due to the ongoing litigation with UPS and that he wanted the interrogation to end. Plaintiff immediately requested representation from UPS' Human Resources department, which defendants Ramos and Cobian denied plaintiff. Plaintiff then requested that he be represented by his attorney, which again defendants Ramos and Cobian denied plaintiff, advising plaintiff that he was not entitled to any such representation and that plaintiff was to answer their questions. Plaintiff requested several times that a break be taken. Defendants Ramos and Cobian advised plaintiff that he could take a break later, and thereafter repeatedly denied plaintiff's request to take a break and prevented plaintiff from leaving the room. Defendants Ramos and Cobian then brought in UPS management representative Julie Somers, and Ms. Somers and defendants Ramos and Cobian blocked the only door in the room, blocked plaintiff's path and prevented plaintiff from leaving the room despite plaintiff's attempt to leave. Defendants Ramos and

-4-

COMPLAINT

1    Cobian proceeded to badger and harass plaintiff on behalf of defendants UPS and Diversified

2    Risk Management, Inc., demanding that plaintiff make certain statements. After providing certain

3    information while under duress, plaintiff again advised defendants Ramos and Cobian that he

4    was in ongoing litigation with UPS and would not answer any further questions without his

5    attorney present. Finally, plaintiff was allowed to leave the closed room. Shortly thereafter, Lisa

6    Cerqueira and John Schutt, UPS' Loss Prevention Manager, advised plaintiff that he was not

7    allowed to perform his work duties and could not leave his work building until UPS' Human

8    Resources Department allowed him to do so.

9        15.    On or about November 3, 2008, at the request of defendant UPS' attorneys,

10   plaintiff and his attorney attended an interview session which defendant UPS had requested and

11   which was attended by defendants Ramos and Cobian on behalf of defendant Diversified Risk

12   Management, Inc. This interview session was recorded via audiotape by plaintiff's attorney and

13   by defendants Ramos and Cobian. On October 28, 2008, UPS' attorney advised plaintiff's

14   attorney via e-mail that UPS was "trying to have a thorough investigation conducted" regarding

15   plaintiff's alleged off work incident. Based on that representation by UPS' attorney, as well as

16   UPS' attorney's assertion that only "fact finding" would be involved, plaintiff agreed to the

17   November 3, 2008 interview session.

18       16.    At the November 3, 2008 interview session, defendant Ramos made clear that

19   defendants UPS, Diversified Risk Management, Inc., Ramos and Cobian had no interest in

20   conducting any thorough investigation regarding plaintiff's alleged off work incident. In fact,

21   defendant Ramos, on behalf of all defendants, falsely accused plaintiff of lying and falsely

22   accused plaintiff of changing his story from the October 27, 2008 interview session. Defendant

23   Ramos told plaintiff that based on the statements which defendants had obtained from other

24   alleged witnesses, plaintiff was lying. Defendant Ramos made such an accusation to plaintiff

25   despite the fact that Ramos admitted that his questioning of plaintiff was incomplete. During the

26   November 3, 2008 interview session, defendants Ramos and Cobian took a thirty minute break to

27   consult with defendant UPS' Human Resources personnel. During the latter part of the

28   November 3, 2008 interview session and after the thirty minute break had occurred, defendant

-5-

COMPLAINT

1   Ramos offered plaintiff an opportunity to make a written statement, which plaintiff refused.

2   Defendant Ramos thereafter demanded to know why plaintiff would not make a written

3   statement, and repeatedly raised his voice, harassed and badgered plaintiff in an attempt to have

4   plaintiff make a written statement. Plaintiff refused to provide a written statement and asserted

5   that the audiotape would suffice.

6        17.   On November 3, 2008, shortly after the conclusion of the interview session

7   conducted by defendants Ramos and Cobian, plaintiff's attorney advised defendant UPS'

8   attorney of the events which transpired in the November 3, 2008 interview session and advised

9   UPS' attorneys that the acts of UPS and its third party representatives (Ramos, Cobian and

10  Diversified Risk Management, Inc.) constituted harassment and retaliation which would not be

11  tolerated. Plaintiff's attorney also advised UPS' attorney that no one from Diversified Risk

12  Management was authorized to contact plaintiff for any reason.

13       18.   On November 6, 2008, Lisa Cerqueira, on behalf of defendant UPS, requested that

14  plaintiff submit to another interview regarding the alleged off work incident. Plaintiff refused

15  that request and advised Ms. Cerquiera that there was an audiotape of the November 3, 2008

16  interview session which could be provided to her.

17       19.   On November 7, 2008, despite the fact that plaintiff had twice refused to provide a

18  written statement to UPS regarding the alleged off work incident, UPS' attorney sent an e-mail to

19  plaintiff's attorney requesting that plaintiff submit to either an interview with Lisa Cerqueira or

20  that plaintiff provide a written statement, including a response to ten (10) alleged scenarios

21  allegedly provided by other alleged witnesses. On November 10, 2008, plaintiff's attorney

22  advised UPS' attorney via e-mail that UPS' repeated attempts to obtain written statements from

23  plaintiff constituted retaliation and harassment, and that if UPS wanted plaintiff to respond to

24  certain allegations, UPS should provide any alleged written statements and videotapes which

25  contained the ten alleged scenarios, and that if plaintiff deemed a response necessary, one would

26  be provided. Plaintiff's attorney also advised UPS' attorney that plaintiff intended to file a

27  lawsuit against UPS for UPS' repeated harassment and retaliation of plaintiff.

28

COMPLAINT

20.     On or about November 12, 2008, UPS responded by wrongfully terminating plaintiff. Plaintiff's division manager, Herb Wilson, read a written statement regarding the reasons for the termination. Lisa Cerqueira, on behalf of UPS, refused plaintiff's request that UPS provide plaintiff with a written statement of the reasons for the termination, and even refused plaintiff's request for a piece of paper and pen and a re-reading of UPS' termination statement so that plaintiff could write down the alleged reasons for termination. Upon consultation with Herb Wilson, Ms. Cerqueira relented and provided plaintiff with a pen and paper and allowed plaintiff to write down UPS' alleged reasons for termination. Plaintiff's work performance was never listed as a reason for termination.

## FIRST CAUSE OF ACTION

### (for Retaliation against defendant UPS and DOES 2-25)

21.     Plaintiff restates and realleges the allegations contained in paragraphs 1 through 20 and incorporates them herein as though fully set forth.

22.     At all relevant times hereto and also in violation of Labor Code §§ 98.6, 232.5, 1102.5 and 6310, defendants UPS and DOES 2-25, and each of them, and/or their agents and employees, retaliated against plaintiff by adversely affecting plaintiff's employment, harassing him and subsequently terminating him after plaintiff: protested UPS' improper classification of supervisors as exempt employees, reported UPS' violations to the Department of Transportation, advised UPS that he would attempt to unionize UPS supervisors, told UPS management that he would respond truthfully to all questions posed by him in the OSHA hearing, and also by retaliating against plaintiff for the complaints he filed against UPS with various governmental agencies and for having filed a class action lawsuit which in turn, has spawned over fifty individual lawsuits against UPS which also challenges UPS' classification of supervisors and managers as exempt employees.

23.     Within the time provided by law, plaintiff filed a complaint with the California Department of Fair Employment and Housing and has received and served a right to sue letter.

-7-

COMPLAINT

24.    As a proximate result of defendants UPS and DOES 2-25's willful, knowing and intentional retaliation against plaintiff, plaintiff has suffered and continues to suffer substantial losses in earnings, benefits (including retirement benefits and pension benefits) and other consequential damages in an amount according to proof which exceeds the minimum jurisdictional amounts of this Court.

25.    As a direct and proximate result of defendants UPS and DOES 2-25's unlawful conduct, plaintiff has suffered and continues to suffer severe emotional distress. The aforementioned acts of defendants UPS and DOES 2-25, individually and though their representatives, was despicable conduct intended to cause injury to plaintiff and carried on with a willful and conscious disregard of plaintiff's rights, and which subjected plaintiff to a cruel and unjust hardship. The aforementioned acts of defendants UPS and DOES 2-25, individually and though their representatives, were willful, wanton, malicious and oppressive, thereby warranting an award of exemplary and punitive damages to plaintiff in an amount according to proof.

26.    Pursuant to Labor Code §§ 98.6 and 6310, plaintiff requests that this Court enter an order reinstating plaintiff to his former employment position with UPS as well as reimbursing plaintiff for all lost wages and work benefits caused by the acts of defendant UPS.

## SECOND CAUSE OF ACTION

### (for Wrongful Termination against UPS and DOES 2-25)

27.    Plaintiff restates and realleges the allegations contained in paragraphs 1 through 26 and incorporates them herein as though fully set forth.

28.    On or about November 12, 2008, UPS and DOES 2-25 terminated plaintiff due to:

(1)    plaintiff's having filed the class action litigation against UPS which challenged UPS' classification of supervisors as exempt employees under California law and which requested a declaration from the Court that certain UPS supervisor positions in California were non-exempt positions, and for which UPS has likely incurred millions of dollars in legal fees and costs, as well as potential liability exceeding $400 million;

-8-

COMPLAINT

(2)   plaintiff's reporting of safety violations at UPS and his statement that he intended to testify truthfully at the OSHA hearing;

(3)   plaintiff's opposition to UPS' discriminatory and illegal employment practices;

(4)   plaintiff's statements that he intended to unionize supervisors at UPS;

(5)   plaintiff's statement that he intended to appeal the decertification of the class in the pending litigation in federal court, Case No. CV-03-4336 DDP (RZx), as termination of plaintiff could allow UPS to argue in the appeal that plaintiff now lacked standing to assert a declaratory relief cause of action on behalf of the class since he was now not a current employee;

(6)   the fact that plaintiff's class action litigation had spawned over fifty (50) individual lawsuits of a similar nature against UPS in California since July 2008, and UPS and DOES 2-25 intended to use plaintiff's termination to intimidate those who had filed individual lawsuits as well as intimidate those who were contemplating filing individual lawsuits from proceeding with the filing of a lawsuit with the message that they would also be fired if they challenged UPS in court;

(7)   plaintiff's attorney having advised UPS' attorney on November 10, 2008 that plaintiff was going to file a lawsuit against UPS for harassment and retaliation; and

(8)   plaintiff's instructions to UPS' union employees to report any violations by UPS of UPS' contract with the union.

29.   UPS and DOES 2-25's termination of plaintiff as alleged herein constitutes an unlawful employment practice in violation of public policy, including violations of Labor Code §§ 98.6, 1102.5 and 6310.

30.   As a direct, foreseeable and proximate result of defendants' discriminatory acts, plaintiff has suffered and continues to suffer substantial losses of earnings and benefits in excess of $90,000 per year, has lost retirement and pension benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to plaintiff's damage in an amount according to proof which exceeds the minimum jurisdictional amount of this Court.

31.    As a direct and proximate result of defendants' unlawful conduct, plaintiff has suffered and continues to suffer severe emotional distress. The aforementioned acts of defendants UPS and Does 2-25, individually and though their representatives, was despicable conduct intended to cause injury to plaintiff and carried on with a willful and conscious disregard of plaintiff's rights, and which subjected plaintiff to a cruel and unjust hardship. The aforementioned acts of defendants UPS and Does 2-25, individually and though their representatives, were willful, wanton, malicious and oppressive, thereby warranting an award of exemplary and punitive damages to plaintiff in an amount according to proof.

32.    Pursuant to Labor Code §§ 98.6 and 6310, plaintiff requests that this Court enter an order reinstating plaintiff to his former employment position with UPS as well as reimbursing plaintiff for all lost wages and work benefits caused by the acts of defendant UPS.

### THIRD CAUSE OF ACTION

### (for Intentional Infliction of Emotional Distress against all defendants)

33.    Plaintiff restates and realleges the allegations contained in paragraphs 1 through 32 and incorporates them herein as though fully set forth.

34.    Defendants UPS, Diversified Risk Management, Inc., Ramos, Cobian and DOES 2-100 conspired to and participated in a scheme to wrongfully terminate plaintiff by generating false evidence against plaintiff and also withholding evidence in an effort to disguise the fact that UPS' true motive in terminating plaintiff's employment was (1) to retaliate against plaintiff for exercising his legal rights against UPS, (2) to intimidate and send a message to current UPS employees that they risked losing their jobs if they filed suit against UPS for unpaid overtime and a reclassification of their exempt/non-exempt status; (3) to intimidate those individuals who have filed individual lawsuits against UPS after the decertification of the class; and (4) to remove plaintiff from contact in the UPS workplace from others who may either want to unionize or who might wish to file suit against UPS, or who might have the ability to file grievances against UPS.

35.    Defendants UPS, Diversified Risk Management, Inc., Ramos, Cobian and DOES 2-100 engaged in extreme and outrageous conduct with the intention of causing, or with reckless

1  disregard of the probability of causing, severe emotional distress to plaintiff. The extreme and

2  outrageous conduct included subjecting plaintiff to verbal harassment by defendants Ramos and

3. Cobian on behalf of UPS and Diversified Risk Management, Inc.; false imprisonment; and

4  threats that plaintiff would lose his job unless he changed the true facts to facts which met the

5  approval of defendants UPS, Diversified Risk Management, Inc., Ramos, Cobian and DOES 2-

6  100.

7       36.    As a result of the outrageous conduct of defendants UPS, Diversified Risk

8  Management, Inc., Ramos, Cobian and DOES 2-100, and each of them, plaintiff has suffered and

9  continues to suffer severe emotional distress. Plaintiff is therefore entitled to an award of

10  damages in excess of the minimum jurisdictional amounts of this Court.

11       37.    The aforementioned acts of defendants UPS, Diversified Risk Management, Inc.,

12  Ramos, Cobian and DOES 2-100, individually and though their representatives, was despicable

13  conduct intended to cause injury to plaintiff and carried on with a willful and conscious disregard

14  of plaintiff's rights, and which subjected plaintiff to a cruel and unjust hardship. The

15  aforementioned acts of defendants UPS, Diversified Risk Management, Inc., Ramos, Cobian and

16  DOES 2-100, individually and though their representatives, were willful, wanton, malicious and

17  oppressive, thereby warranting an award of exemplary and punitive damages to plaintiff in an

18  amount according to proof.

19

20                          **FOURTH CAUSE OF ACTION**

21  **(for Intentional Interference With Prospective Economic Advantage against defendants**

22  **Diversified Risk Management, Inc., Ramos, Cobian and DOES 1-100)**

23       38.    Plaintiff restates and realleges the allegations contained in paragraphs 1 through

24  37 and incorporates them herein as though fully set forth.

25       39.    Since 1987 plaintiff was employed by defendant UPS.

26       40.    Defendants Diversified Risk Management, Inc., Ramos, Cobian and DOES 1-100

27  were aware in 2008 that UPS was plaintiff's only source of employment, that plaintiff had been

28  employed by UPS since 1987, and were also aware or should have been aware that plaintiff

                                      -11-

intended to remain employed by UPS until his retirement. Defendants Diversified Risk Management, Inc., Ramos, Cobian and DOES 1-100 were aware that UPS was relying upon their investigation to gather and provide evidence which UPS would use in determining whether to terminate plaintiff.

41.    Defendants Diversified Risk Management, Inc., Ramos, Cobian and DOES 1-100 intended to disrupt plaintiff's economic relationship with UPS by providing false information to UPS which could be used to terminate plaintiff's employment and also by withholding evidence which tended to prove that there was no justification for terminating plaintiff's employment with UPS. Defendants Diversified Risk Management, Inc., Ramos, Cobian and DOES 1-100 engaged in wrongful conduct by among other things, providing false evidence to UPS regarding plaintiff; failing to include all of the information they gathered in their investigation in their reports to UPS and withholding evidence in order to slant the outcome of their investigation in such a way that would disadvantage plaintiff; advising UPS that plaintiff was lying to defendants Diversified Risk Management, Inc., Ramos and Cobian regarding plaintiff's alleged off work incident with DOE 1; and falsely advising UPS that Ramos and Cobian had advised plaintiff not to discuss the nature of their investigation with anyone else when in fact no such discussion had occurred.

42.    As a result of the intentional conduct of defendants Diversified Risk Management, Inc., Ramos, Cobian and DOES 1-100, UPS terminated plaintiff's employment and plaintiff's economic relationship with UPS was disrupted. As a result of such acts, plaintiff has suffered and continues to suffer substantial losses of earnings and benefits in excess of $90,000 per year, has lost retirement and pension benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to plaintiff's damage in an amount according to proof.

43.    The aforementioned acts of defendants Diversified Risk Management, Inc., Ramos, Cobian and DOES 1-100 was despicable conduct intended to cause injury to plaintiff and carried on with a willful and conscious disregard of plaintiff's rights, and which subjected plaintiff to a cruel and unjust hardship. The aforementioned acts of defendants Diversified Risk Management, Inc., Ramos, Cobian and DOES 1-100 were willful, wanton, malicious and

-12-

COMPLAINT

oppressive, thereby warranting an award of exemplary and punitive damages to plaintiff in an amount according to proof.

## FIFTH CAUSE OF ACTION

### (for Negligent Interference With Prospective Economic Advantage against defendants Diversified Risk Management, Inc., Ramos, Cobian and DOES 1-100)

44.    Plaintiff restates and realleges the allegations contained in paragraphs 1 through 43 and incorporates them herein as though fully set forth.

45.    Since 1987 plaintiff was employed by defendant UPS. Defendants Diversified Risk Management, Inc., Ramos, Cobian and DOES 1-100 were aware in 2008 that UPS was plaintiff's only source of employment, that plaintiff had been employed by UPS since 1987, and were also aware or should have been aware that plaintiff intended to remain employed by UPS until his retirement. Defendants Diversified Risk Management, Inc., Ramos, Cobian and DOES 1-100 were aware that UPS was relying upon their investigation to gather and provide evidence which UPS would use in determining whether to terminate plaintiff.

46.    Defendants Diversified Risk Management, Inc., Ramos, Cobian and DOES 1-100 knew or should have known that plaintiff's economic relationship with UPS would be disrupted if defendants Diversified Risk Management, Inc., Ramos, Cobian and DOES 1-100 failed to act with reasonable care and provided false and/or inaccurate information about plaintiff or withheld evidence regarding plaintiff's alleged off work incident with DOE 1 or about how such defendants conducted their investigation on behalf of defendant UPS.

47.    Defendants Diversified Risk Management, Inc., Ramos, Cobian and DOES 1-100 failed to act with reasonable care and engaged in improper conduct by providing false and/or inaccurate information about plaintiff; by withholding information obtained from witnesses; by providing false and/or inaccurate information regarding plaintiff's alleged off work incident with DOE 1; and by providing false and/or inaccurate information about how such defendants conducted their investigation on behalf of defendant UPS.

-13-

COMPLAINT

48.    As a result of the conduct of defendants Diversified Risk Management, Inc.,
Ramos, Cobian and DOES 1-100, UPS terminated plaintiff's employment and plaintiff's
economic relationship with UPS was disrupted. As a result of such acts, plaintiff has suffered and
continues to suffer substantial losses of earnings and benefits in excess of $90,000 per year, has
lost retirement and pension benefits, and has suffered and continues to suffer humiliation,
embarrassment, mental and emotional distress, and discomfort, all to plaintiff's damage in an
amount according to proof.

## SIXTH CAUSE OF ACTION

### (for False Imprisonment against all defendants)

49.    Plaintiff restates and realleges the allegations contained in paragraphs 1 through
48 and incorporates them herein as though fully set forth.

50.    Defendants, and each of them, wrongfully constrained, confined and detained
plaintiff through the following acts:

a.    On or about October 10, 2008, DOE 1 intentionally deprived plaintiff of his
freedom of movement by using his vehicle to block plaintiff's vehicle, thereby preventing
plaintiff and plaintiff's vehicle from leaving the premises of his workplace;

b.    On or about October 27, 2008, defendants Ramos and Cobian, acting on behalf of
themselves and defendants Diversified Risk Management, Inc., UPS and DOES 2-100,
intentionally deprived plaintiff of his freedom of movement by blocking plaintiff's path and
refusing to let plaintiff leave the room and refusing to allow plaintiff to take a break and
preventing plaintiff from leaving the room. Julie Somers, a representative of UPS, also prevented
plaintiff from leaving the room during a portion of this time by blocking the exit door.

51.    Plaintiff did not consent to any of the above-mentioned restrictions of his
freedom, and plaintiff suffered emotional distress, anxiety and humiliation as a result thereof.
Plaintiff requests damages for each act of false imprisonment in an amount according to proof.

-14-

COMPLAINT

## SEVENTH CAUSE OF ACTION

### (for Defamation against all defendants)

52.    Plaintiff restates and realleges the allegations contained in paragraphs 1 through 51 and incorporates them herein as though fully set forth.

53.    Civil Code § 44 defines libel as a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation. Civil Code §46(3) and (5) defines slander as a false and unprivileged communication, orally uttered, and also communications by radio or any mechanical or other means which tends directly to injure a person in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits; or which, by natural consequence, causes natural damage.

54.    Defendants, and each of them, through their agents, employees and/or representatives, committed slander against plaintiff by falsely stating to third persons the following:

a.    DOE 1 falsely told representatives and/or agents of defendant UPS that plaintiff called DOE 1 a "fucking asshole" several times and that plaintiff threatened to "blow" DOE 1's "head off".

b.    Defendants Ramos and Cobian, individually and on behalf of Diversified Risk Management, told UPS and representatives of UPS that plaintiff was lying to them, that plaintiff had changed his story, that plaintiff threatened to "blow" DOE 1's "head off', and that plaintiff threatened violence against DOE 1, as well as other defamatory statements that have yet to be discovered.

c.    Representatives of defendant UPS (including management representatives) and DOES 2-100 told third parties, including co-workers of plaintiff as well as individuals who

-15-

COMPLAINT

1    worked under plaintiff, that plaintiff threatened to "blow" DOE 1's "head off", and that plaintiff

2    threatened violence against DOE 1, as well as other defamatory statements that have yet to be

3    discovered.

4         55.    The third parties who were the recipients of defendants' statements reasonably

5    understood that the statements were about plaintiff and reasonably understood the statements to

6    mean that plaintiff had committed a crime by threatening violence against another. Defendants

7    failed to use reasonable care  to determine the truth or falsity of their statements, and the actions

8    of defendants subjected plaintiff to contempt, ridicule, caused him to be shunned and avoided (as

9    demonstrated by UPS' insistence that plaintiff have no communication whatsoever with any

10   customer) as well as injured plaintiff in his occupation.

11        56.    As a direct, foreseeable and proximate result of defendants' defamatory acts,

12   plaintiff was terminated from his employment with UPS. Plaintiff has suffered and continues to

13   suffer substantial losses of earnings and benefits in excess of $90,000 per year, has lost

14   retirement and pension benefits, and has suffered and continues to suffer humiliation,

15   embarrassment, mental and emotional distress, and discomfort, all to plaintiff's damage in an

16   amount according to proof.

17        57.    The aforementioned acts of defendants, individually and through their

18   representatives, was despicable conduct intended to cause injury to plaintiff and carried on with a

19   willful and conscious disregard of plaintiff's rights, and which subjected plaintiff to a cruel and

20   unjust hardship. The aforementioned acts of defendants, individually and though their

21   representatives, were willful, wanton, malicious and oppressive, thereby warranting an award of

22   exemplary and punitive damages to plaintiff in an amount according to proof.

23

24                          **EIGHTH CAUSE OF ACTION**

25                          **(for Conversion against UPS)**

26        58.    Plaintiff restates and realleges the allegations contained in paragraphs 1 through

27   57 and incorporates them herein as though fully set forth.

28

                                    -16-

59.    During the relevant time period, defendant UPS wrongfully withheld from plaintiff and failed to pay wages and other compensation which was due to plaintiff pursuant to California's employment laws and regulations. The amounts wrongfully withheld include the sum of $19,970.85 which was reported on plaintiff's final paystub but which was not paid to plaintiff, as well as unreimbursed expenses which plaintiff incurred on behalf of defendant UPS.

60.    At all relevant times herein, defendant UPS had and continued to have a legal obligation imposed by statute to pay to plaintiff all wages and other compensation due. Such wages and compensation belonged to plaintiff at the time the labor and services were provided to defendant UPS, and accordingly such wages and compensation are the property of plaintiff. Defendant UPS knowingly and intentionally failed to pay the compensation due to Plaintiff. Defendant UPS intentionally converted the wages and compensation of plaintiff by (1) withholding earned wages and other compensation which plaintiff owned or had the right to own and had the legal right to hold, possess and dispose of, and then (2) taking the wages and other compensation due to plaintiff and utilizing the same for UPS' own use and benefit.

61.    Defendant UPS converted such wages and compensation as part of an intentional and deliberate scheme to maximize profits at the expense of plaintiff. Plaintiff has been injured by UPS' intentional conversion of such wages and compensation. Plaintiff is entitled to all monies converted by defendant UPS, with interest thereon as well as any and all profits, whether direct or indirect, which UPS acquired by such unlawful conversion.

62.    In committing the foregoing acts, defendant UPS is guilty of oppression, fraud or malice, and, in addition to the actual damages caused thereby, plaintiff is entitled to recover damages for the sake of example and by way of punishing defendant UPS.

### NINTH CAUSE OF ACTION

### (for Waiting Time Penalties against UPS)

63.    Plaintiff restates and realleges the allegations contained in paragraphs 1 through 62 and incorporates them herein as though fully set forth.

-17-

COMPLAINT

64.    During the relevant time period, defendant UPS failed to pay plaintiff accrued wages and other compensation due immediately upon plaintiff's termination, as required by law.

65.    Based on defendant UPS' conduct as alleged herein, defendant UPS is liable for statutory penalties pursuant to Labor Code § 203, and other applicable provisions of California's employment laws and regulations.

WHEREFORE, plaintiff demands judgment against defendants, and each of them:

### ON THE FIRST AND SECOND CAUSES OF ACTION

1.    For damages in an amount according to proof;

2.    For punitive damages in an amount according to proof;

3.    For reinstatement to his employment position with UPS;

4.    For reimbursement of all lost wages, work benefits, pension and retirement benefits from November 12, 2008 forward;

### ON THE THIRD, FIFTH, SIXTH, SEVENTH AND EIGHTH CAUSES OF ACTION

5.    For damages in an amount according to proof;

6.    For punitive damages in an amount according to proof;

### ON THE FOURTH CAUSE OF ACTION

7.    For damages in an amount according to proof;

### ON THE NINTH CAUSE OF ACTION

8.    For penalties pursuant to California Labor Code § 203;

### ON ALL CAUSES OF ACTION

9.    For costs of suit incurred herein;

10.   For reasonable attorney's fees as provided by statute, including Labor Code § 218.5; and

11.   For such other and further relief as the Court may deem just and proper.

Dated: November 24, 2008                    FURUTANI & PETERS, LLP

                                            By: _____
                                                John A. Furutani,
                                                attorneys for plaintiff

-18-

COMPLAINT

1
2                           **DEMAND FOR JURY TRIAL**
3          Plaintiff hereby demands a trial of this matter by jury.
4
5     Dated: November 24, 2008              FURUTANI & PETERS, LLP
6
                                           By: _____
7                                              John A. Furutani,
8                                              attorneys for plaintiff
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                    -19-

                                  COMPLAINT

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| John A. Furutani, Esq. CSB 161757<br>Furutani & Peters, LLP<br>350 W. Colorado Blvd., Suite 200<br>Pasadena, CA 91105<br>TELEPHONE NO.: 626-844-2437  FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: plaintiff | ORIGINAL FILED<br><br>OCT 22 2009<br><br>LOS ANGELES<br>SUPERIOR COURT |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

PLAINTIFF/PETITIONER: Marlo

DEFENDANT/RESPONDENT: United Parcel Service, Inc., et al.

| REQUEST FOR DISMISSAL | CASE NUMBER: |
|---|---|
| ☐ Personal Injury, Property Damage, or Wrongful Death<br>  ☐ Motor Vehicle   ☐ Other<br>☐ Family Law    ☐ Eminent Domain<br>☑ Other *(specify)* : wrongful termination | BC 402627 |

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☑ With prejudice   (2) ☐ Without prejudice
   b. (1) ☐ Complaint   (2) ☐ Petition
   (3) ☐ Cross-complaint filed by *(name)*:                          on *(date)*:
   (4) ☐ Cross-complaint filed by *(name)*:                          on *(date)*:
   (5) ☐ Entire action of all parties and all causes of action
   (6) ☑ Other *(specify)*:* defs. Diversified Risk Management, Inc., George J. Ramos, Jr. and Juan Cobian only

2. *(Complete in all cases except family law cases.)*
   ☐ Court fees and costs were waived for a party in this case. *(This information may be obtained from the clerk. If this box is checked, the declaration on the back of this form must be completed).*

Date: Oct. 15, 2009

John A. Furutani
(TYPE OR PRINT NAME OF ☑ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)                    (SIGNATURE)
*If dismissal requested is of specified parties only or of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.*

Attorney or party without attorney for:
☑ Plaintiff/Petitioner           ☐ Defendant/Respondent
☐ Cross-Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**
   Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)                    (SIGNATURE)
** *If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).*

Attorney or party without attorney for:
☐ Plaintiff/Petitioner           ☐ Defendant/Respondent
☐ Cross-Complainant

*(To be completed by clerk)*
4. ☑ Dismissal entered as requested on *(date)*:     OCT 22 2009
5. ☐ Dismissal entered on *(date)*:                    as to only *(name)*:
6. ☐ Dismissal **not entered** as requested for the following reasons *(specify)*:

7. a. ☑ Attorney or party without attorney notified on *(date)*:   OCT 22 2009
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed ☐ means to return conformed copy

Date: OCT 22 2009                Clerk, by  Tosi/McKinney , Deputy

REQUEST FOR DISMISSAL

Code of Civil Procedure, § 581 et seq.;
Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Page 1 of 2

CIV-110

| PLAINTIFF/PETITIONER: Marlo | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: United Parcel Service, Inc., et al. | BC 402627 |

## Declaration Concerning Waived Court Fees

> The court has a statutory lien for waived fees and costs on any recovery of $10,000 or more in value by settlement, compromise, arbitration award, mediation settlement, or other recovery. The court's lien must be paid before the court will dismiss the case.

1. The court waived fees and costs in this action for *(name)*:

2. The person in item 1 *(check one)*:
   a. ☐ is not recovering anything of value by this action.
   b. ☐ is recovering less than $10,000 in value by this action.
   c. ☐ is recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and costs that were waived in this action have been paid to the court *(check one)*: ☐ Yes ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

_____                    ▶  _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)              (SIGNATURE)

1

**PROOF OF SERVICE**

2    **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3        I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within
4    action; my business address is 350 W. Colorado Blvd., Suite 200, Pasadena, CA 91105.

5
         On October 16, 2009, I served the foregoing document
6    described as REQUEST FOR DISMISSAL on the parties interested in said action by placing a true copy thereof, enclosed in a sealed
7    envelope, addressed as follows:

8        Judith Kline, Esq.
         Paul, Hastings, Janofsky & Walker LLP
9        515 S. Flower Street, 25th Floor
         Los Angeles, CA 90071-2228
10
         Adam Gafni, Esq.
11       Meyers McConnell
         11859 Wilshire Blvd.
12       4th Floor
         Los Angeles, CA 90025-6601
13
         L. Michelle Choy, Esq.
14       Irell & Manella LLP
         840 Newport Center Drive
15       Suite 400
         Newport Beach, CA 92660-6324
16

17       I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that
18    practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Los
19    Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed
20    invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing contained
21    in the affidavit.

22       Executed on October 16, 2009 at Pasadena, California.

23       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
24

25                                    _____
                                       JOHN A. FURUTANI
26

27

28

                                    1

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| John A. Furutani, Esq. CSB 161757<br>Furutani & Peters, LLP<br>350 W. Colorado Blvd., Suite 200<br>Pasadena, CA 91105<br>TELEPHONE NO.: 626-844-2437    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: plaintiff | ORIGINAL FILED<br><br>OCT 22 2009<br><br>LOS ANGELES<br>SUPERIOR COURT |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

PLAINTIFF/PETITIONER: Marlo

DEFENDANT/RESPONDENT: United Parcel Service, Inc., et al.

| REQUEST FOR DISMISSAL | CASE NUMBER: |
|---|---|
| [ ] Personal Injury, Property Damage, or Wrongful Death<br>  [ ] Motor Vehicle    [ ] Other<br>[ ] Family Law    [ ] Eminent Domain<br>[✓] Other *(specify)*: wrongful termination | BC 402627 |

– A conformed copy will not be returned by the clerk unless a method of return is provided with the document. –

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) [✓] With prejudice    (2) [ ] Without prejudice
   b. (1) [ ] Complaint    (2) [ ] Petition
      (3) [ ] Cross-complaint filed by *(name)*:                on *(date)*:
      (4) [ ] Cross-complaint filed by *(name)*:                on *(date)*:
      (5) [ ] Entire action of all parties and all causes of action
      (6) [✓] Other *(specify)*:* dismiss the 6th Cause of Action for False Imprisonment only

2. *(Complete in all cases except family law cases.)*
   [ ] Court fees and costs were waived for a party in this case. *(This information may be obtained from the clerk. If this box is checked, the declaration on the back of this form must be completed).*

Date: Oct. 15, 2009

John A. Furutani ......................................................
(TYPE OR PRINT NAME OF  [✓] ATTORNEY  [ ] PARTY WITHOUT ATTORNEY)
*If dismissal requested is of specified parties only, or of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

▶ _____
(SIGNATURE)
Attorney or party without attorney for:
[✓] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross-Complainant

3. **TO THE CLERK: Consent to the above dismissal is hereby given.**
   Date:

............................................................
(TYPE OR PRINT NAME OF  [ ] ATTORNEY  [ ] PARTY WITHOUT ATTORNEY)
** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

▶ _____
(SIGNATURE)
Attorney or party without attorney for:
[ ] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross-Complainant

*(To be completed by clerk)*
4. [✓] Dismissal entered as requested on *(date)*: OCT 22 2009
5. [ ] Dismissal entered on *(date)*:                as to only *(name)*:
6. [ ] Dismissal **not entered** as requested for the following reasons *(specify)*:

7. a. [✓] Attorney or party without attorney notified on *(date)*: OCT 22 2009
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
      [ ] a copy to be conformed    [ ] means to return conformed copy

Date: OCT 22 2009        Clerk, by _____ I OS/ MKinney _____, Deputy

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. July 1, 2009]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.;
Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CIV-110

| PLAINTIFF/PETITIONER: Marlo | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: United Parcel Service, Inc., et al. | BC 402627 |

## Declaration Concerning Waived Court Fees

The court has a statutory lien for waived fees and costs on any recovery of $10,000 or more in value by settlement, compromise, arbitration award, mediation settlement, or other recovery. The court's lien must be paid before the court will dismiss the case.

1. The court waived fees and costs in this action for *(name):*

2. The person in item 1 *(check one):*
   a. ☐ is not recovering anything of value by this action.
   b. ☐ is recovering less than $10,000 in value by this action.
   c. ☐ is recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and costs that were waived in this action have been paid to the court *(check one):* ☐ Yes ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

_____              ▶  _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)              (SIGNATURE)

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 350 W. Colorado Blvd., Suite 200, Pasadena, CA 91105.

On October 16, 2009, I served the foregoing document described as REQUEST FOR DISMISSAL on the parties interested in said action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Judith Kline, Esq.
Paul, Hastings, Janofsky & Walker LLP
515 S. Flower Street, 25th Floor
Los Angeles, CA 90071-2228

Adam Gafni, Esq.
Meyers McConnell
11859 Wilshire Blvd.
4th Floor
Los Angeles, CA 90025-6601

L. Michelle Choy, Esq.
Irell & Manella LLP
840 Newport Center Drive
Suite 400
Newport Beach, CA 92660-6324

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing contained in the affidavit.

Executed on October 16, 2009 at Pasadena, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

JOHN A. FURUTANI

1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV09- 7717 GW (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X]  **Western Division**
     **312 N. Spring St., Rm. G-8**
     **Los Angeles, CA 90012**

[ ]  **Southern Division**
     **411 West Fourth St., Rm. 1-053**
     **Santa Ana, CA 92701-4516**

[ ]  **Eastern Division**
     **3470 Twelfth St., Rm. 134**
     **Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

## SUMMONS
### (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UNITED PARCEL SERVICE, INC.; DIVERSIFIED RISK MANAGEMENT, INC., a California corporation; GEORGE J. RAMOS, JR., an individual; JUAN COBIAN; an individual; and DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MICHAEL MARLO

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 2 4 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* BC402627 |
|---|---|

Los Angeles Superior Court
111 N. Hill Street
Los Angeles, CA 90012

Central District

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John A. Furutani, Esq, CSB 161757        (626) 844-2437
Furutani & Peters, LLP
350 W. Colorado Blvd., Suite 200
Pasadena, CA 91105

DATE: NOV 2 4 2008    J. CLARKE, CLERK    M. GARCIA    , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: UNITED PARCEL SERVICE, INC.

   under: [X] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify)*:
4. [X] by personal delivery on (date): 12-2-8

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Legal Solutions Plus | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|---|

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

John A. Furutani, Esq.  CSB 161757
Furutani & Peters, LLP
350 W. Colorado Blvd., Suite 200
Pasadena, CA 91105
TELEPHONE NO.: 626-844-2437        FAX NO.: 626-844-2442
ATTORNEY FOR *(Name):* plaintiff

FOR COURT USE ONLY

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 2 4 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

CASE NAME:
Marlo v. UPS, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC402627  JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify):* Nine
5. This case [ ] is [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 24, 2008
John A. Furutani
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
MICHAEL MARLO

**DEFENDANTS**
UNITED PARCEL SERVICE, INC., and DOES 1-100

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Los Angeles, California

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
State of Ohio (Incorporation); and Georgia (Principal Place of Business)

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
John A. Furutani, Esq.
Furutani & Peters, LLP
350 W. Colorado Blvd., Suite 200
Pasadena, CA 91105
Tel: (626) 844-2437/Fax: (626) 844-2442

Attorneys (If Known)
Elena R. Baca (SB# 160564)/ Judith M. Kline (SB# 157354)
Sandra N. Benjamin (SB# 260633)
Paul, Hastings, Janofsky & Walker LLP
515 S. Flower Street, 25th Floor
Los Angeles, CA 90071  Ph- (213) 683-6000 Fax- (213) 627-0705

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No
☒ **MONEY DEMANDED IN COMPLAINT: $** >8 Million
Not Specified/Discovery Disclosed

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1332 and 1441(a) – removing to federal court on the basis of diversity jurisdiction.

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES: ☐ 400 State Reapportionment, ☐ 410 Antitrust, ☐ 430 Banks and Banking, ☐ 450 Commerce/ICC Rates/etc., ☐ 460 Deportation, ☐ 470 Racketeer Influenced and Corrupt Organizations, ☐ 480 Consumer Credit, ☐ 490 Cable/Sat TV, ☐ 810 Selective Service, ☐ 850 Securities/Commodities/Exchange, ☐ 875 Customer Challenge 12 USC 3410, ☐ 890 Other Statutory Actions, ☐ 891 Agricultural Act, ☐ 892 Economic Stabilization Act, ☐ 893 Environmental Matters, ☐ 894 Energy Allocation Act, ☐ 895 Freedom of Info. Act, ☐ 900 Appeal of Fee Determination Under Equal Access to Justice, ☐ 950 Constitutionality of State Statutes

CONTRACT: ☐ 110 Insurance, ☐ 120 Marine, ☐ 130 Miller Act, ☐ 140 Negotiable Instrument, ☐ 150 Recovery of Overpayment & Enforcement of Judgment, ☐ 151 Medicare Act, ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans), ☐ 153 Recovery of Overpayment of Veteran's Benefits, ☐ 160 Stockholders' Suits, ☐ 190 Other Contract, ☐ 195 Contract Product Liability, ☐ 196 Franchise

REAL PROPERTY: ☐ 210 Land Condemnation, ☐ 220 Foreclosure, ☐ 230 Rent Lease & Ejectment, ☐ 240 Torts to Land, ☐ 245 Tort Product Liability, ☐ 290 All Other Real Property

TORTS PERSONAL INJURY: ☐ 310 Airplane, ☐ 315 Airplane Product Liability, ☐ 320 Assault, Libel & Slander, ☐ 330 Fed. Employers' Liability, ☐ 340 Marine, ☐ 345 Marine Product Liability, ☐ 350 Motor Vehicle, ☐ 355 Motor Vehicle Product Liability, ☐ 360 Other Personal Injury, ☐ 362 Personal Injury-Med Malpractice, ☐ 365 Personal Injury-Product Liability, ☐ 368 Asbestos Personal Injury Product Liability

TORTS PERSONAL PROPERTY: ☐ 370 Other Fraud, ☐ 371 Truth in Lending, ☐ 380 Other Personal Property Damage, ☐ 385 Property Damage Product Liability

BANKRUPTCY: ☐ 422 Appeal 28 USC 158, ☐ 423 Withdrawal 28 USC 157

CIVIL RIGHTS: ☐ 441 Voting, ☒ 442 Employment, ☐ 443 Housing/Accommodations, ☐ 444 Welfare, ☐ 445 American with Disabilities – Employment, ☐ 446 American with Disabilities – Other, ☐ 440 Other Civil Rights

PRISONER PETITIONS: ☐ 510 Motions to Vacate Sentence Habeas Corpus, ☐ 530 General, ☐ 535 Death Penalty, ☐ 540 Mandamus/Other, ☐ 550 Civil Rights, ☐ 555 Prison Condition

FORFEITURE/PENALTY: ☐ 610 Agriculture, ☐ 620 Other Food & Drug, ☐ 625 Drug Related Seizure of Property 21 USC 881, ☐ 630 Liquor Laws, ☐ 640 R.R. & Truck, ☐ 650 Airline Regs, ☐ 660 Occupational Safety /Health, ☐ 690 Other

LABOR: ☐ 710 Fair Labor Standards Act, ☐ 720 Labor/Mgmt. Relations, ☐ 730 Labor/Mgmt. Reporting & Disclosure Act, ☐ 740 Railway Labor Act, ☐ 790 Other Labor Litigation, ☐ 791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS: ☐ 820 Copyrights, ☐ 830 Patent, ☐ 840 Trademark

SOCIAL SECURITY: ☐ 861 HIA (1395ff), ☐ 862 Black Lung (923), ☐ 863 DIWC/DIWW (405(g)), ☐ 864 SSID Title XVI, ☐ 865 RSI(405(g))

FEDERAL TAX SUITS: ☐ 870 Taxes (U.S. Plaintiff or Defendant), ☐ 871 IRS-Third Party 26 USC 7609

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

CV-09-7717

**FOR OFFICE USE ONLY:** Case Number: _____

CV-71 (07/05)    CIVIL COVER SHEET    American LegalNet, Inc. www.USCourtForms.com    Page 1 of 2

UNITED STAT. DISTRICT COURT CENTRAL DISTRICT CALIFORNIA
CIVIL COVER SHEET
**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

---

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☒ No    ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

---

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
Plaintiff resides in the County of Los Angeles.

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary.)
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
Defendant United Parcel Service, Inc. is a citizen of the State of Ohio and the State of Georgia.

List the **California County**, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
Plaintiff alleges that the facts supporting his claims arose in the County of Los Angeles.

---

**X. SIGNATURE OF ATTORNEY (OR PRO PER):**    Date 10/22/09

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

---

American LegalNet, Inc.
www.USCourtForms.com