O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL MARLO, | ) | Case No. CV 09-07717 DDP (RZx) |
| | ) | |
|         Plaintiff, | ) | **ORDER DENYING EX PARTE APPLICATION TO VACATE MOTION FOR SUMMARY JUDGMENT** |
|   v. | ) | |
| | ) | [Application filed on August 3, 2010] |
| UNITED PARCEL SERVICE, INC. and DOES 1-100, | ) | |
| | ) | |
|         Defendant. | ) | |
| _____ | ) | |

    The plaintiff Michael Marlo ("Plaintiff") filed this action in Los Angeles Superior Court on November 24, 2008. On September 3, 2009, the state court issued an order denying a motion for summary judgment filed by the defendant United Parcel Services, Inc. ("UPS"). On October 23, 2009, ten days before the scheduled trial date and after Plaintiff settled with all California defendants and dismissed them from the suit, UPS removed the case to federal court on the basis of diversity jurisdiction. 28 U.S.C. §§ 1332, 1446(b). Following removal, UPS filed a motion for summary judgment before this Court that is scheduled for a hearing on August 30, 2010.

///

1     Before the Court is Plaintiff's Ex Parte Application to vacate
2 UPS's motion for summary judgment.  Plaintiff argues that "this
3 Court must view the denial of summary judgment as if it itself had
4 denied the motion, and must also view the passing of the motion
5 cut-off in state court as if the Court itself had set that cut-off
6 date."  (Pl.'s Mem. 3:22-26.)  Accordingly, Plaintiff suggests that
7 the motion should be vacated and taken off-calendar.  UPS opposes
8 the Application, arguing that (1) the state court did not impose a
9 motion cut-off date, (2) even if it had, state procedural rules are
10 of no effect in federal court, and (3) Plaintiff's arguments
11 regarding the impropriety of UPS's summary judgment motion should
12 be raised in opposition to the motion.
13     Plaintiff's argument that the Court may not entertain a
14 summary judgment motion because the state court had already denied
15 such a motion prior to removal has been rejected by the Ninth
16 Circuit.  It is true that, following removal, the district court
17 "takes the case up where the State court left it off."  Duncan v.
18 Gegan, 101 U.S. 810, 812 (1879).  Therefore, the Court must treat
19 the state court order denying UPS's order as an "interlocutory
20 holding by another court in the same case" subject to being "set
21 aside or reverse[d]" should "cogent reasons or exceptional
22 circumstances" so warrant.  Fairbank v. Wunderman Cato Johnson, 212
23 F.3d 528, 530 (9th Cir. 2000).  In Fairbank, the Ninth Circuit held
24 that because "the California and federal summary judgment standards
25 are different," it is within the Court's discretion to consider the
26 merits of a summary judgment motion filed in federal court after
27 removal even where the state court had previously denied summary
28 judgment.  Id. at 531.  Other circuit courts are in accord.  See,

2

e.g., Fed. Deposit Ins. Corp. v. Bay St. Dev. Corp., 32 F.3d 636, 639 (1st Cir. 1994) ("A state court summary judgment order may be modified or vacated following removal of the action . . . upon a determination that it does not comport with Fed. R. Civ. P. 56.") (internal citations omitted); Myers v. Moore Eng'g, Inc., 42 F.3d 452, 454 (8th Cir. 1994) (rejecting as "frivolous" the argument "that the district court erred in refusing to follow the state trial court's earlier denial of summary judgment"); Resolution Trust Corp. v. Northpark Joint Venture, 958 F.2d 1313, 1316 (5th Cir. 1992), cert. denied, 506 U.S. 1048 (1993) ("[T]he federal court must ensure that the [state court's] order is consistent with the requirements of Rule 56(c) of the Federal Rules of Civil Procedure. . . . If the federal court declines to reconsider the state court summary judgment, then the federal court certifies that the order is indeed consistent with Rule 56(c).")

As to Plaintiff's argument that the motion cut-off has passed, Plaintiff has not submitted any state court order setting a motion cut-off date, nor pointed to any authority suggesting that the Court would lack the power to modify any such date.

Because it is well within this Court's discretion to consider UPS's summary judgment motion, Plaintiff's Ex Parte Application is DENIED.

IT IS SO ORDERED.

Dated: August 4, 2010

*signature*

DEAN D. PREGERSON
United States District Judge

3