O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MICHAEL MARLO,                    ) Case No. CV 09-07717 DDP (RZx)
                                  )
                Plaintiff,        ) ORDER RE SUMMARY JUDGMENT MOTION
                                  ) AND RESETTING HEARING DATES
        v.                        )
                                  )
UNITED PARCEL SERVICE, INC.,      )
                                  )
                Defendant.        )
_____ )

    Plaintiff's Statement of Genuine Issues (Docket No. 36)
submitted in opposition to Defendant's Motion for Summary Judgment
is hereby ordered **STRICKEN** from the docket.

    Rather than responding to Defendant's Statement of
Uncontroverted Facts and raising additional factual disputes,
Plaintiff has submitted a cursory, six-page document consisting
primarily of legal conclusions and Plaintiff's interpretation of
unidentified facts, with no citations to the record.  The purpose
of a statement of genuine issues is not to assert the non-moving
party's legal theory or interpretation of what the undisputed facts
mean; rather, it is to set forth what facts are genuinely in
dispute.  For example, the statement that "Marlo was involved in an

incident with a customer, Emilio Magnaña ('Magnañ'), on October 20, 2008," (Def.'s Statement of Uncontroverted Fact ¶ 54), is a statement of fact.  The statement that "UPS retaliated against and terminated plaintiff because he reported UPS' violations to the Department of Transportation," (Pl.'s Statement of Genuine Issues ¶ 10), is a legal conclusion.

Plaintiff has submitted what amounts to a bare statement of her legal theory without any citations to the voluminous record. As a result, the Court has absolutely no way of discerning what facts are genuinely in dispute aside from digging through the record without guidance.  The Ninth Circuit has held that it is not the court's job to "perform a search, unassisted by counsel, through the entire record, to look for" evidence supporting the non-moving party's legal theory.  <u>Carmen v. San Francisco Unified Sch. Dist.</u>, 237 F.3d 1026, 1030 (9th Cir. 2001).  Furthermore, the Court's local rules impose "an affirmative burden to list genuine issues <u>with appropriate record citations</u> in order to withstand the motion for summary judgment."  <u>Nilsson, Robbins, Dalgarn, Berliner, Carlson & Wurst v. La. Hydrolec</u>, 854 F.2d 1538, 1545 (9th Cir. 1988) (per curiam).  The Court refuses to play a game of hide and seek with the facts in deciding this motion for summary judgment.

As a consequence, the Court STRIKES Plaintiff's Statement of Genuine Issues.  <u>The hearing on the UNITED PARCEL SERVICE, INC.'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION (FILED ON 08-02-10 / DOCKET NUMBER 26)will be continued until September 20, 2010 10:00 a.m.</u>  Plaintiff shall file a procedurally appropriate statement of genuine issues by no later than Monday, August 23, 2010 at 5:00 p.m.  The

statement of genuine issues shall be laid out in a grid as follows:
The grid shall be composed with three columns. In the farthest
left column, Plaintiff shall set forth, in numerical order,
Defendant's Statements of Uncontroverted Fact. In the center
column, Plaintiff shall state (1) whether the fact identified in
the left column is undisputed or disputed and (2) if disputed, why
it is disputed. Should Plaintiff indicate a fact is disputed, she
must explain this contention with statements of fact, not legal
conclusions or interpretations of the fact. For every fact that
Plaintiff states is disputed, she will indicate in the farthest
right column what portions of the record support her contention.
Should Plaintiff wish to identify additional facts (not legal
conclusions) that are in dispute, she may do so following a format
similar to Defendant's Statement of Uncontroverted Facts, setting
forth the specific fact that is in dispute, followed by citations
to the record.

Defendant may submit a response to Plaintiff's statement of
genuine issues and a Reply brief by no later than Tuesday,
September 7, 2010, at 5:00 p.m.

IT IS SO ORDERED.

Dated: August 11, 2010

DEAN D. PREGERSON
United States District Judge

3