ELENA R. BACA (SB# 160564)
elenabaca@paulhastings.com
ELIZABETH A. BROWN (SB# 235429)
elizabethbrown@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MARLO,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>UNITED PARCEL SERVICE, INC. and DOES 1-100,<br><br>　　　　　Defendants. | CASE NO. CV 09-07717 DDP (RZx)<br><br>**DEFENDANT UNITED PARCEL SERVICE, INC.'S SUPPLEMENTAL BENCH BRIEF REGARDING APPLICABLE STANDARD OF CAUSATION**<br><br>Complaint Filed:　September 24, 2008<br><br>Trial Date: August 14, 2012<br>Judge:　　Hon. Dean D. Pregerson |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................. 1

II. IT WOULD BE REVERSIBLE ERROR TO APPLY THE "A MOTIVATING REASON" STANDARD OF CAUSATION TO MARLO'S PUBLIC POLICY RETALIATION CLAIMS ........................... 2

    A. Marlo Acknowledges The "But For" Standard Applies ...................... 3

    B. This Court Owes No Deference To Pattern Jury Instructions, Particularly Those That Misstate The Law ........................................... 4

    C. The California Supreme Court Has Pronounced That The "But For" Standard Applies To Public Policy Tort Claims .......................... 4

    D. CACI 2507 (Like CACI 2430) Is Wrong ............................................. 5

III. CONCLUSION ...................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Bekiaris v. Bd. of Educ.*,
6 Cal. 3d 575 (1972) ................................................................................................ 6

*Dang v. Cross*,
422 F.3d 800 (9th Cir. 2005) .................................................................................. 4

*Davis v. Los Angeles Unif. Sch. Dist. Personnel Comm'n*,
152 Cal. App. 4th 1122 (2007) .............................................................................. 6

*Desert Palace, Inc. v. Costa*,
539 U.S. 90 (2003) .................................................................................................. 6

*General Dynamics Corporation v. Superior Court*,
7 Cal. 4th 1164 (1994) ....................................................................................... 1, 4

*Grant-Burton v. Covenant Care, Inc.*,
99 Cal. App. 4th 1361 (2002) ................................................................................ 6

*Gross v. FBL Fin. Servs., Inc.*,
557 U.S. 167 (2009) ............................................................................................ 5, 6

*Hazen Paper Co. v. Biggins*,
507 U.S. 604 (1993) ................................................................................................ 5

*Heard v. Lockheed Missiles & Space Co.*,
44 Cal. App. 4th 1735 (1996) ................................................................................ 7

*Lyle v. Warner Bros. Television Prods.*,
38 Cal. 4th 264 (2006) ............................................................................................ 5

*Martori Bros. Distrib. v. Agric. Labor Relations Bd.*,
29 Cal. 3d 721 (1981) ............................................................................................ 6

*Medtronic, Inc. v. White*,
526 F.3d 487 (9th Cir. 2008) .................................................................................. 4

*Miller v. Chico Unif. Sch. Dist. Bd. of Educ.*,
24 Cal. 3d 703 (1979) ............................................................................................ 6

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*,
　429 U.S. 274 (1977) .................................................................................................6

*Nat'l Labor Relations Bd. v. Transp. Mgmt. Corp.*,
　462 U.S. 393 (1983) .................................................................................................6

*Price Waterhouse v. Hopkins*,
　490 U.S. 228 (1989) .................................................................................................6

*Ross v. Indep. Living Resource*,
　No. C08-00854 THE, 2010 WL 2898773 (N.D. Cal. July 21, 2010) ..................5

*Serwatka v. Rockwell Automation, Inc.*,
　591 F.3d 957 (7th Cir. 2010) ...................................................................................5

*United States Postal Serv. Bd. of Governors v. Aikens*,
　460 U.S. 711 (1983) .................................................................................................6

*Village of Arlington Heights v. Metro. Housing Dev. Corp.*,
　429 U.S. 252 (1977) .................................................................................................6

*Williams v. City of Los Angeles*,
　47 Cal. 3d 195 (1988) ..............................................................................................6

*Zhang v. Children's Hosp.*,
　No. 08-5540, 2011 WL 940237 (E.D. Pa. Mar. 14, 2011) ....................................5

## I. INTRODUCTION.

Plaintiff Michael Marlo's retaliation claims are common law public policy tort claims based on the underlying policies of various California Labor Code sections. Marlo claims that Defendant United Parcel Service, Inc. ("UPS") retaliated against him "by failing to promote him to a manager position in violation of public policy, including as articulated in California Labor Code sections 98.6, 232.5, 1102.5 and 6310" and "by terminating his employment in violation of public policy, including as articulated in California Labor Code sections 98.6, 232.5, 923,[1] 1102.5 and 6310." *See* Second Amended [Proposed] Final Pretrial Conference Order at 2-3 (footnotes omitted), ECF No. 174-1.

The California Supreme Court held in *General Dynamics Corporation v. Superior Court*, 7 Cal. 4th 1164 (1994), that public policy tort claims require "but for" causation. *Id*. at 1191. Under the "but for" standard, UPS cannot be held liable unless the retaliatory motive, alone, was the determining factor. Marlo agrees. In the parties' joint final pretrial conference order (signed by the Court on August 7, 2012), the parties have stipulated that "but for" is the correct standard of causation for his retaliation claims and the legal issue to be decided. *See, e.g.*, Second Amended [Proposed] Final Pretrial Conference Order, Dkt. No. 178, at pp. 3-6 and 16-17.

Nonetheless, Marlo has asked the Court to give an instruction based on Judicial Council Of California Civil Jury Instruction ("CACI") 2507 and direct the jury to rule for Marlo if his wage-and-hour lawsuit against UPS was a "motivating reason" for his discharge, *even if nonretaliatory reasons would have produced the same result*. *See* Amended Jointly Proposed Disputed Jury Instructions at 25 (Disputed Jury Instruction No. 8), ECF No. 176.

---

[1] The Court has ruled that Section 923 cannot form the basis of Plaintiff's claims. *See* Dkt. No. 180.

Such an instruction misstates the law, and its use would constitute reversible error. CACI 2507 expressly was intended for use with discrimination and retaliation claims under the Fair Employment and Housing Act ("FEHA"), but Marlo has not asserted any FEHA claims; both of his retaliation claims are common law public policy claims. Under *General Dynamics*, "but for" is the correct standard of causation for such claims. But in any event, CACI 2507 (and, for that matter, CACI 2430, which Marlo has not asserted) is simply wrong.

Therefore, UPS respectfully requests that the Court instruct the jury to apply a "but for" standard of causation to Marlo's public policy retaliation claims.

## II. IT WOULD BE REVERSIBLE ERROR TO APPLY THE "A MOTIVATING REASON" STANDARD OF CAUSATION TO MARLO'S PUBLIC POLICY RETALIATION CLAIMS.

Contrary to the position he took in the joint final pretrial conference order, Marlo has asked the Court to adopt the standard in CACI 2507 and instruct the jury to rule for Marlo if his wage-and-hour lawsuit against UPS was "a motivating reason" for his discharge. Under this standard, Marlo will prevail if his prior lawsuit was only a "reason that contributed to the decision to take certain action, even though other reasons also may have contributed to the decision." *See* CACI 2507. Thus, "a motivating reason" instruction will lead the jury to impose liability if it concludes that retaliation was *a* motivating reason (no matter how inconsequential) for his discharge, even if the jury believes that plainly nonretaliatory reasons — Marlo's egregious misconduct against a customer — would have produced the same result.

But CACI 2507 is designed for use with disparate treatment and retaliation claims under FEHA. *See* CACI 2507 ("DIRECTIONS FOR USE: Read this instruction with CACI No. 2500, Disparate Treatment [under FEHA] . . . , CACI No. 2505, Retaliation [under FEHA], or CACI No. 2540, Disability

Discrimination — Disparate Treatment [under FEHA] . . . ."). Marlo has not asserted any FEHA claims. By his own admission, both of his retaliation claims are common law public policy claims.

In any event, even if CACI 2507 were designed for use with common law public policy claims (which it is not), and even if Marlo had asserted CACI 2430 for tortious discharge claims (which he has not), use of either CACI would constitute reversible error because both state the wrong standard of causation.

### A. **Marlo Acknowledges The "But For" Standard Applies.**

In the Second Amended [Proposed] Final Pretrial Conference Order submitted jointly by the parties, Marlo acknowledges that the proper standard of causation is "but for."

Specifically, in stating the elements required to establish his claim for retaliatory failure to promote, Marlo outlined:

> Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence: . . . (4) *but for* Plaintiff's protected activity, Plaintiff would have been promoted . . . .

Second Amended [Proposed] Final Pretrial Conference Order, Dkt. No. 178 at 3-4 (emphasis added).

Marlo used the same language in describing his retaliatory termination:

> Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence: . . . (4) *but for* Plaintiff's protected activity, his employment would not have been terminated . . . .

*Id.* at 4-6 (emphasis added).

Moreover, Marlo conceded that the remaining issues to be tried are:

> (5)(a) **Plaintiff's Proposed:** "Whether Plaintiff proved that *but for* his protected activity, he would have been promoted to a Manager position."

(6) "Whether Plaintiff proved that, *but for* his protected activity, he would not have been discharged."

*Id*. at 16-17 (emphasis added).

Having recognized that the "but for" standard applies, Marlo's attempt to introduce a different (and improper) standard through the jury instructions should be rejected.

### B. This Court Owes No Deference To Pattern Jury Instructions, Particularly Those That Misstate The Law.

Even setting aside Marlo's position – now adopted by the Court – that the "but for" standard applies, the proposed instructions would be improper. Marlo's sole "authority" for the use of CACI 2507 is his assertion that "[t]his is a standard CACI instruction for a wrongful discharge case such as this."[2]

But the Court owes no deference to pattern jury instructions that misstate the law. The Ninth Circuit reviews *de novo* the question of whether a jury instruction misstates the necessary elements to be proved at trial, and the district court's use of a model jury instruction does not preclude a finding of error. *Dang v. Cross*, 422 F.3d 800, 805 (9th Cir. 2005); *Medtronic, Inc. v. White*, 526 F.3d 487, 493 (9th Cir. 2008).

### C. The California Supreme Court Has Pronounced That The "But For" Standard Applies To Public Policy Tort Claims.

The California Supreme Court has held that public policy tort claims require "but for" causation. In *General Dynamics Corporation v. Superior Court*, 7 Cal. 4th 1164 (1994), the Supreme Court held that when a plaintiff alleges that his or her discharge offends public policy, the plaintiff carries the burden of proof — and the proof is analyzed "under a 'but for' standard of causation." *Id*. at 1191.

---

[2] *See* Amended Jointly Proposed Disputed Jury Instructions at 26.

Thus, "but for" is the correct standard of causation for Marlo's public policy retaliation claims. Marlo has not asked the Court to use CACI 2430 for tortious discharge cases, but even if he had, use of CACI 2430 would constitute reversible error in light of the California Supreme Court's holding in *General Dynamics*. Under a "but for" standard of causation, the prohibited characteristic must have "had a *determinative* influence on the outcome." *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009) (some emphasis omitted) (citation omitted) (internal quotation marks omitted); *accord Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993) (under a "but for" standard, a discrimination claim "cannot succeed unless . . . [discrimination] had a determinative influence"); *Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 280 (2006) (under "but for" causation standard applicable to sexual harassment under the FEHA, the plaintiff must prove (among other things) that, "if the plaintiff 'had been a man she would not have been treated in the same manner'") (citation omitted).

### D. CACI 2507 (Like CACI 2430) Is Wrong.

CACI 2507 expressly was intended for use with FEHA claims and is not applicable to Marlo's common law public policy claims. But in any event, CACI 2507 is simply wrong.

Both the United States and California Supreme Courts have required a showing of "but for" causation when a statute — such as FEHA — says "because of." *See, e.g.*, *Gross*, 557 U.S. at 176 (when a statute says "because of," that means that "a plaintiff must prove that [discrimination] was the 'but-for' cause of the

employer's adverse decision") (citation omitted); *Lyle*, 38 Cal. 4th at 280 (FEHA's "because of" language requires "but for" causation).[3]

Indeed, no authority supports applying the "a motivating reason" standard to retaliation and discrimination claims. Both the United States and California Supreme Courts, in addressing the issue of causation in retaliation and discrimination cases in recent years, have rejected the contention that a showing of "a motivating reason," without more, suffices; they agree that *at a minimum*, the jury must be permitted to consider whether the employer would have made the same decision for legitimate, nonretaliatory reasons.[4]

---

[3] Other similarly worded statutes also require "but for" causation. *See, e.g.*, *Serwatka v. Rockwell Automation, Inc.*, 591 F.3d 957, 961-63 (7th Cir. 2010) (Americans with Disabilities Act ("ADA") requires "but for" causation); *Ross v. Indep. Living Resource*, No. C08-00854 TEH, 2010 WL 2898773, at *6 (N.D. Cal. July 21, 2010) (Henderson, J.) (accepting the "compelling" proposition that the ADA requires "but for" causation); *Zhang v. Children's Hosp.*, No. 08-5540, 2011 WL 940237, at *2 (E.D. Pa. Mar. 14, 2011) (Title VII's retaliation provision making it unlawful for an employer "to discriminate against any of his employees . . . *because* he has opposed any practice made an unlawful employment practice by this subchapter, or *because* he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing[;]" requires the plaintiff to prove "but for" causation) (first alteration in original).

[4] *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977) (in First Amendment case brought by a teacher who claimed that a school district refused to rehire him in retaliation for free speech activity, the Court held that, once the teacher established that protected conduct was a motivating factor, the trial court should have considered whether the school district proved that it "would have reached the same decision . . . even in the absence of the protected conduct" — and, if so, rejected plaintiff's claim); *Price Waterhouse v. Hopkins*, 490 U.S. 228, 244-45 (1989) (plaintiff denied partnership at a large firm presented evidence of sexual stereotyping; plurality of the Court held that the plaintiff's claim failed, even if "gender played a motivating part in an employment decision," if the employer in a burden-shifting approach can show that it "would have made the same decision even if it had not allowed gender to play such a role," and the remaining Justices would have applied an even-more-rigorous causation test); *Gross*, 557 U.S. at 175-79 (considering causation under the Age Discrimination in Employment Act; the majority of the Court held the plaintiff needed to prove "but for" causation, and the four dissenting Justices would have applied the plurality opinion in *Price Waterhouse*); *Bekiaris v. Bd. of Educ.*, 6 Cal. 3d 575, 593 & n.12 (1972) (in a teacher-dismissal case where the issue was whether "absent the exercise of [constitutional] rights, the board would not have dismissed the teacher," the Court rejected a "motivating reason" standard similar to that in CACI: "[W]e cannot allow a teacher genuinely dismissed for valid causes to be reinstated because school authorities were also displeased with his exercise of constitutional rights."); *Martori Bros. Distrib. v. Agric. Labor Relations Bd.*, 29 Cal. 3d 721, 729-30 (1981)

Thus, the "but for" standard of causation applies to Marlo's common law public policy retaliation claims.[5]

### III. CONCLUSION.

The "a motivating reason" standard under CACI 2507 is inconsistent with the Pretrial Conference Order, misstates the law, and its use would constitute reversible error. The law is clear that the "but for" standard of causation applies to Marlo's claims.

Therefore, UPS respectfully requests that the Court instruct the jury to apply a "but for" standard of causation to Marlo's retaliation claims. In the alternative, and at a bare minimum, UPS respectfully requests that the Court instruct the jury to apply the "mixed motive" standard under BAJI 12.26.

DATED: August 7, 2012  ELENA R. BACA
ELIZABETH A. BROWN
PAUL HASTINGS LLP

By: /s/ Elena R. Baca
ELENA R. BACA

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

---

(in retaliation case under the Agricultural Labor Relations Act, the Court held that the claimant's case fails if the employer would have made the same decision with or without a retaliatory motive). *See also Village of Arlington Heights v. Metro. Housing Dev. Corp.*, 429 U.S. 252 (1977) (constitutional housing-discrimination claim); *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711 (1983) (Title VII); *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003) (Title VII). Accord *Miller v. Chico Unif. Sch. Dist. Bd. of Educ.*, 24 Cal. 3d 703, 715, 722 (1979); *Williams v. City of Los Angeles*, 47 Cal. 3d 195, 205 (1988); *Davis v. Los Angeles Unif. Sch. Dist. Personnel Comm'n*, 152 Cal. App. 4th 1122, 1136 (2007) ("[W]here an employee has been discharged for both a valid reason (wrongful conduct) and an invalid reason (engaging in protected activity), the courts will not grant a remedy if the same decision would have been made for the valid reason" and "[t]his is so even if the invalid reason was a substantial factor in the decision."); *Grant-Burton v. Covenant Care, Inc.*, 99 Cal. App. 4th 1361, 1379-80 (2002) (the employer prevails if it would have made this same decision, anyway); *Heard v. Lockheed Missiles & Space Co.*, 44 Cal. App. 4th 1735, 1747-48 (1996) (same).

[5] Alternatively, *at a bare minimum*, the "mixed motive" standard under California's Book of Approved Jury Instruction ("BAJI") 12.26 should apply.