John A. Furutani (CSB #161757)
JAFurutani@furutani-peters.com
FURUTANI & PETERS, LLP
100 East Corson Street
Third Floor
Pasadena, CA 91103
Telephone: (626) 844-2437
Facsimile: (626) 844-2442

Attorneys for Plaintiff
MICHAEL MARLO

UNITED STATE DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MARLO,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>UNITED PARCEL SERVICE, INC., DIVERSIFIED RISK MANAGEMENT, INC., a California corporation; GEORGE J. RAMOS, JR., an individual; JUAN COBIAN, an individual; and DOES 1-100,<br><br>　　　　　Defendants. | Case No.:  CV 09-07717 DDP (RZx)<br><br>**PLAINTIFF SUPPLEMENTAL BRIEF RE: APPLICABLE STANDARD OF CAUSATION**<br><br>Trial Date:    August 14, 2012<br><br>Hon. Dean D. Pregerson |

# I

# INTRODUCTION

Plaintiff Michael Marlo's claim for retaliation in violation of public policy includes claims based on violations of Labor Code §§ 98.6, 232.5, 1102.5 and 6310. CACI 2430 sets forth the following jury instruction:

**WRONGFUL DISCHARGE/DEMOTION IN VIOLATION OF PUBLIC POLICY - ESSENTIAL FACTUAL ELEMENTS**

[*Name of plaintiff*] claims [he/she] was [discharged/demoted] from employment for reasons that violate a public policy. To establish this claim, [*name of plaintiff*] must prove all of the following:

1. That [*name of plaintiff*] was employed by [*name of defendant*];

2. That [*name of defendant*] [discharged/demoted] [*name of plaintiff*];

3. That [*insert alleged violation of public policy, e.g., "[name of plaintiff]'s refusal to engage in price fixing"*] was a motivating reason for [*name of plaintiff*]'s [discharge/ demotion]; and

4. That the [discharge/demotion] caused [*name of plaintiff*] harm.

While defendant asserts that "motivating reason" is an erroneous standard, it is not. For example, Labor Code § 1102.6 states:

"In a civil action or administrative proceeding brought pursuant to Section 1102.5, once it has been demonstrated by a preponderance of the evidence that an activity proscribed by Section 1102.5 **was a contributing factor** in the alleged prohibited action against the employee, the employer shall have the burden of proof to demonstrate by clear and convincing evidence that the alleged action would have occurred for legitimate, independent reasons even if the employee had not engaged in activities protected by Section 1102.5. (emphasis added).

Therefore, no "but for" standard exists. Consistent with CACI 2430, plaintiff need only show that the protected activity was a "contributing factor", which is the same as a "motivating reason". Then, under Labor Code § 1102.6, defendant is

required to prove the "mixed motive" defense under a clear and convincing standard.

In *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal.4th 1028 (2005), the California Supreme Court stated:

> "Past California cases hold that in order to establish a prima facie case of retaliation under the FEHA, a plaintiff must show (1) he or she engaged in a "protected activity," (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action. (*Iwekaogwu v. City of Los Angeles* (1999) 75 Cal.App.4th 803, 814–815, 89 Cal.Rptr.2d 505; *Flait v. North American Watch Corp.* (1992) 3 Cal.App.4th 467, 476, 4 Cal.Rptr.2d 522 [adopting the title VII (Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.) burden-shifting analysis of *McDonnell Douglas Corp. v. Green* (1973) 411 U.S. 792, 802–805, 93 S.Ct. 1817, 36 L.Ed.2d 668].) Once an employee establishes a prima facie case, the employer is required to offer a legitimate, nonretaliatory reason for the adverse employment action. (*Morgan v. Regents of University of California* (2000) 88 Cal.App.4th 52, 68, 105 Cal.Rptr.2d 652.)

In the recent case of *Paras v. Delta Dental of California*, 2012 WL 629997 (Cal.App.1 Dist. 2012) at * 6, the California Court recited the history of California wrongful termination in violation of public policy cases and noted that the "causal link" standard also applied to public policy cases, stating:

> "In evaluating an employee's claim for retaliation **or wrongful termination in violation of public policy**, California courts utilize the three-stage, burden-shifting framework adopted by the United States Supreme Court in *McDonnell Douglas Corp. v. Green* (1973) 411 U.S. 792. (*Loggins v. Kaiser Permanente Internat*. (2007) 151 Cal.App.4th 1102, 1108–1109.) "In the first stage, the 'plaintiff must show (1) he or she engaged in a "protected activity," (2) the employer subjected the employee to an adverse employment action, and (3) **a causal link existed** between the protected activity and the employer's action.' [Citation.]"

(Emphasis added)

In *Diaz v. Central Freight Lines, Inc.*, 2010 WL 1931023 (Cal.App. 2 Dist. 2010) at *4, the Court similarly held:

> "To prove a retaliation claim, either under the FEHA or as a claim for wrongful termination in violation of public policy, Diaz must show he engaged in a protected activity, Central terminated him, and **there was a causal link** between the protected activity and the termination. (*Loggins v. Kaiser Permanente Internat.* (2007) 151 Cal.App.4th 1102, 1108-1109 (*Loggins* ).)"

(Emphasis added).

These cases establish that CACI 2430 is the correct standard and that defendant's assertion that a "but for" standard exists is simply erroneous. Even under the recent case of *Pande v. Chevrontexaco Corporation*, 359 Fed.Appx. 769, (9th Cir. 2009) at 770, the Ninth Circuit held that "causal link" was the proper standard, stating:

> "A jury found for Pande on her retaliation claims under California's Fair Employment and Housing Act **and for violations of California public policy**. Because the evidence put before the jury at trial was sufficient to support its finding a **causal link** between Pande's protected conduct (complaints of employment discrimination) and the adverse employment action (failure to obtain a new position within Chevron after her employment group was relocated), the district court's denial of Chevron's motion for judgment as a matter of law is affirmed."

(Emphasis added).

Accordingly, "motivating reasons" and CACI 2430 set forth the proper causation standard. No "but for" standard applies to the public policy claims.

## II

## PLAINTIFF DID NOT STIPULATE TO A "BUT FOR" STANDARD

Defendant asserts that plaintiff stipulated to a "but for" causation standard in the Pre-Trial Conference Order. That is untrue. Local Rule 16 makes clear that the Pre-Trial Conference Order, and specifically the Memorandum of Contentions of Fact and Law, does not address standards of evidence. It only addresses elements of claims. Plaintiff's use of the term "but for" in the elements section of the Pre-

Trial Conference Order was never intended to assert that a "but for" standard applied, only that the tortious decision was made as a result of the protected activity.

Moreover, as the disputed jury instructions which were submitted to this Court in 2011 and in July 2012 make clear, plaintiff has always asserted that "motivating reason" is the proper standard.

If defendant maintains that plaintiff has inadvertently agreed to an erroneous "but for" standard, plaintiff requests that a revised pre-trial conference order be submitted to and signed by the Court wherein the "motivating reason" standard is specifically listed in the claims.

Dated:  August 11, 2012            FURUTANI & PETERS, LLP


                                   By: ____/s/_____
                                         John A. Furutani
                                   Attorneys for Plaintiff