1  ELENA R. BACA (SB# 160564)
   elenabaca@paulhastings.com
2  ELIZABETH A. BROWN (SB# 235429)
   elizabethbrown@paulhastings.com
3  PAUL HASTINGS LLP
   515 South Flower Street
4  Twenty-Fifth Floor
   Los Angeles, CA  90071-2228
5  Telephone:  (213) 683-6000
   Facsimile:  (213) 627-0705
6
   Attorneys for Defendant
7  UNITED PARCEL SERVICE, INC.

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PLAINTIFF,<br><br>            Plaintiff,<br><br>     vs.<br><br>UNITED PARCEL SERVICE, INC. and DOES 1-100,<br><br>            Defendants. | CASE NO. CV 09-07717 DDP (RZx)<br><br>**DEFENDANT UNITED PARCEL SERVICE, INC.'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF RE: APPLICABLE STANDARD OF CAUSATION**<br><br>Complaint Filed:   September 24, 2008<br><br>Trial Date: August 14, 2012<br>Judge:       Hon. Dean D. Pregerson |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................... 1

II. PLAINTIFF'S CANNOT RELY ON LABOR CODE SECTION 1102.6 .......................................................................................................... 2

III. NONE OF THE CASES CITED BY PLAINTIFF SUPPORT THE USE OF CACI 2430 ................................................................................ 3

IV. CONCLUSION ........................................................................................ 4

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Campbell v. Regents of Univ. of Cal.*,
   35 Cal. 4th 311 (2005) ................................................................................... 3

*General Dynamics Corporation v. Superior Court*,
   7 Cal. 4th 1164 (1994) ........................................................................... 1, 2, 3

*Hall v. Apartment Investment & Management Co.*,
   No. 08-CV-3447 CW, 2008 WL 5396361 (N.D. Cal. Dec. 19, 2008) ............ 3

*Reynolds v. City & Cnty. of San Francisco*,
   No. C 09-0301, 2011 U.S. Dist. LEXIS 117230 (N.D. Cal. Oct. 11, 2011) .... 3

*Warren v. City of Barstow*,
   No. EDCV 08-00405-SGL, 2008 U.S. Dist. LEXIS 105228 (C.D. Cal.
   Dec. 15, 2008) ............................................................................................... 3

**STATUTES**

Cal. Code Civ. Proc. § 340 .................................................................................. 3

Cal. Lab. Code
   § 98.7(a) ........................................................................................................ 3
   § 98.7(d)(1) ................................................................................................... 3
   § 1102.5 ..................................................................................................... 1, 2
   § 1102.6 ..................................................................................................... 1, 2
   § 2699 ............................................................................................................ 3

**OTHER AUTHORITIES**

CACI 2430 ...................................................................................................... 2, 3

## I. INTRODUCTION.

The arguments set forth in Plaintiff ~~Mike Plaintiff~~Michael Marlo's Supplemental Brief Re: Applicable Standard of Causation (Dkt. No. 187) merely underscore why ~~UPS~~ United Parcel Service, Inc. ("UPS") is correct and the "but for" standard of causation articulated by the California Supreme Court in *General Dynamics Corporation v. Superior Court*, 7 Cal. 4th 1164 (1994), applies here.

Plaintiff's brief sets forth two arguments. First, Plaintiff contends that for his claim premised on California Labor Code ~~S~~section 1102.5, a "motivating factor" standard found in California Labor Code ~~S~~section 1102.6 applies. Second Plaintiff states that by requiring a "causal link" between protected activity and allegedly retaliatory acts, the courts endorse "a motivating factor" standard. Neither argument is persuasive.

The first argument re-visits an issue that was discussed between counsel for the parties in the Fall of 2011, when the parties were preparing the pre-trial filings for the first time. During those discussions, Plaintiff's counsel expressly stated that Plaintiff was *not* pursuing any *statutory* claims under Section 1102.5 (to which ~~Labor Code~~ Section 1102.6 would apply), but was merely using ~~Labor Code~~ Section 1102.5 as the basis for his *public policy* claim. Plaintiff's position was memorialized in the Final Pretrial Conference Order submitted on September 9, 2011 (Dkt. No. 160-1), and again restated in the operable Second Amended Final Pretrial Conference Order signed by the Court (Dkt. No. 178). [1]

The second argument is a *non-sequitur*. UPS does not dispute that "a causal link" is required between the alleged protected activity and the adverse action. The issue is the standard by which that causal connection must be analyzed.

---

[1] Moreover, even if Plaintiff had not long ago indicated that he is not pursuing a statutory claim, he simply cannot assert it now because there is no private right of action under ~~S~~section 1102.5, and even if there were, he is barred by his failure to exhaust his administrative remedies.

-1- UPS'S RESP. TO PLT'S BENCH BRIEF RE: APPLICABLE STANDARD OF CAUSATION

None of the cases cited by Plaintiff supports the use of CACI 2430 or "a motivating factor" instruction.

Thus, UPS respectfully requests that – consistent with the California Supreme Court's holding in *General Dynamics* – the Court instruct the jury to apply a "but for" standard of causation to Plaintiff's retaliation claims.

## II. PLAINTIFF'S CANNOT RELY ON LABOR CODE SECTION 1102.6.

Plaintiff relies on ~~California~~ Labor Code section 1102.6 to urge the use of CACI 2430, but ~~S~~section 1102.6 applies expressly to *statutory* whistleblower actions under Labor Code section 1102.5. There is no claim under ~~Labor Code~~ Section 1102.5. Plaintiff confirmed in the Fall of 2011 that he is *not* asserting any statutory retaliation claim.

The parties' operative Second Amended Final Pretrial Conference Order, signed by the Court, does not list any such claim. In the most recent jointly-submitted Second Amended Final Pretrial Conference Order (which this Court has signed), Plaintiff re-confirmed that he is asserting only *common law* retaliation claims *based on the public policy* of ~~S~~section 1102.5, not any *statutory* whistleblower claim under ~~S~~section 1102.5:

> **Claims and Defenses**:
>
> (a) **Plaintiff's Claims**:
>
> (i) Claim 1:
>
> (1) **Plaintiff's formulation**: Plaintiff claims that UPS retaliated against him by failing to promote him to a manager position *in violation of public policy*, including as articulated in California Labor Code sections 98.6, 232.5, 1102.5 and 6310.
>
> \*   \*   \*
>
> (ii) Claim 2:
>
> (1) **Plaintiff's formulation**: Plaintiff claims that UPS retaliated against him by terminating his employment *in violation of public policy*, including as articulated in California Labor Code sections 98.6, 232.5, 923, 1102.5 and 6310.

1 | Second Amended Final Pretrial Conference Order at 2-3 (some emphasis added)
2 | (footnotes omitted) (Dkt. ocket No. 187). Because neither of Plaintiff's retaliation
3 | claims – by his own admission – are statutory retaliation claims under Ssection
4 | 1102.5, Ssection 1102.6 is simply irrelevant to the issue at hand.[2]

5 | **III. NONE OF THE CASES CITED BY PLAINTIFF SUPPORT THE USE
6 | OF CACI 2430.**

7 | Plaintiff cites several cases for the proposition that to establish a prima
8 | facie case of retaliation, the plaintiff must prove a causal link between the protected
9 | activity and the adverse action. UPS does not dispute that a causal connection is
10 | necessary. But the issue is the standard by which that causal connection must be
11 | analyzed. None of the cases cited by Plaintiff supports the use of the "a motivating
12 | reason" standard. This is because, consistent with the California Supreme Court's
13 | holding in *General Dynamics*, "but for" is the correct standard of causation for
14 | Plaintiff's common law retaliation claims.

---

[2] To the extent there is a private right of action under Ssection 1102.5, Plaintiff would have been required to exhaust certain administrative remedies first. *See Campbell v. Regents of Univ. of Cal.*, 35 Cal. 4th 311, 321 (2005) ("Exhaustion of administrative remedies is a jurisdictional prerequisite to resort to the courts.") (emphasis omitted) (internal citations omitted) (and internal quotation marks omitted); *Reynolds v. City & Cnty. of San Francisco*, No. C 09-0301 RS, 2011 U.S. Dist. LEXIS 117230, at *3-*4 (N.D. Cal. Oct. 11, 2011) ("[P]ost-*Campbell*, courts in this district have uniformly held that claims under § 1102.5 must first be presented to the Labor Commissioner."); *Hall v. Apartment Investment & Management Co.*, No. 08-CV-3447 CW, 2008 WL 5396361, at * 4 (N.D. Cal. Dec. 19, 2008) ("[E]xhaustion of the administrative remedies prescribed in § 98. 7 applies to §§ 1102.5 and 98.6."); *Warren v. City of Barstow*, No. EDCV 08-00405-SGL-(OPx), 2008 U.S. Dist. LEXIS 105228, at *2-*3 (C.D. Cal. Dec. 15, 2008) (dismissing plaintiff's Section 1102.5 claim because, under *Campbell*, "plaintiff must file a complaint with the Labor Commissioner to exhaust his administrative remedies before filing a § 1102.5 claim"); *see also* Cal. Lab. Code § 98.7(d)(1); Cal. Lab. Code §§ 2699, et. seq. Plaintiff has not done so and is time barred from doing so now. *See* Cal. Code Civ. Proc. § 340 (setting a one year statute of limitation in an action for penalty, such as the Private Attorneys General ActPAGA); Cal. Lab. Code § 98.7(a) (setting a 60-day deadline to complain to the Labor Commissioner).

## IV. CONCLUSION

Based upon the foregoing, UPS respectfully requests that the Court instruct the jury to apply a "but for" standard of causation to Plaintiff's retaliation claims.

DATED: August 13, 2012

ELENA R. BACA
ELIZABETH A. BROWN
PAUL HASTINGS LLP

By: /s/ Elena R. Baca
ELENA R. BACA

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

LEGAL_US_W # 72420516.3