O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MARLO, | ) Case No. CV 09-07717 DDP (RZx) |
| Plaintiff, | ) **ORDER RE: STANDARD OF CAUSATION FOR RETALIATION CLAIMS** |
| v. | ) |
| UNITED PARCEL SERVICE, INC., | ) |
| Defendants. | ) |

    The parties disagree on the appropriate standard of causation for Plaintiff's state law retaliation and wrongful termination in violation of public policy claims. This case involves evidence that Defendant may have had a "mixed motive" for terminating Plaintiff. This means that Defendant may have been motivated both by legitimate reasons and by improper retaliatory reasons.

    Defendant argues that a "but for" standard applies to Plaintiff's claims, citing to the California Supreme Court's decision in General Dynamics Corp. v. Superior Court, 7 Cal. 4th 1164 (1994).

    Plaintiff argues that a "motivating reason" standard applies, as set forth in Grant-Burton v. Covenant Care, Inc., 99 Cal. App.

4th 1361 (2002). This standard is essentially adopted by Judicial Council of California Civil Jury Instruction ("CACI") No. 2430, for "Wrongful Discharge/Demotion in Violation of Public Policy."

Here, Plaintiff's proposed instruction, in line with Grant-Burton and CACI No. 2430, is as follows:

> RETALIATION IN VIOLATION OF PUBLIC POLICY - TERMINATION
>
> Plaintiff Michael Marlo claims that UPS retaliated against him in violation of the California Labor Code by terminating his employment. Mr. Marlo has the burden of proving each of the following elements by a preponderance of the evidence:
>
> 1. That Mr. Marlo engaged in protected activity;
>
> 2. UPS subjected Mr. Marlo to an adverse employment action by terminating his employment; and
>
> 3. UPS terminated Mr. Marlo's employment because he engaged in protected activity - that is, that the protected activity was a motivating or substantial factor in UPS's decision to terminate his employment.
>
> If you find that Mr. Marlo has failed to prove any of these elements, your verdict must be for UPS.
>
> If you find that Mr. Marlo has proved all three of these elements, then UPS must prove by a preponderance of the evidence that it would have made the same decision to terminate Mr. Marlo even if his protected activity had not been a motivating or substantial factor in the decision. If UPS does not meet this burden, then your verdict must be for Mr. Marlo.[1]

Having reviewed the parties' supplemental briefs and the relevant law, the court concludes that the "motivating reason" standard is the correct one.

It is true, as Defendant argues, that General Dynamics references a "but for" standard. See 7 Cal. 4th at 1191 ("The

---

[1] Plaintiff has also provided a materially identical proposed jury instruction for his claims that Defendant retaliated against him in violation of public policy by failing to promote him.

2

plaintiff, of course, bears the burden of establishing the unequivocal requirements of the ethical norm at issue and that the employer's conduct was motivated by impermissible considerations under a 'but for' standard of causation."). In that case, however, the California Supreme Court "granted review to consider an attorney's status as 'in house' counsel as it affects the right to pursue claims for damages following an allegedly wrongful termination of employment." Id. at 1169. The Court then devoted the decision to resolving aspects of this issue. Accordingly, it is in dicta, on the penultimate page, and as part of a list of "a handful of subsidiary rules [that] will effectively raise the ante on the in-house attorney contemplating a tort action," that the Court remarked on the standard of causation. Id. at 1191.

It has been eighteen years since the Supreme Court's decision, but neither this court nor Defendant were able to locate a published case citing General Dynamics on this issue. (See Def.'s 2nd Supp. Bench Br. Re: Applicable Standard of Causation at 1 ("UPS has located five unpublished (and no published) cases that have cited General Dynamics in discussing the standard of causation for public policy tort claims."). In sum, General Dynamics did not resolve the standard of causation for claims of retaliation in violation of public policy, at least where there is evidence of a mixed motive.

In contrast, there are sound reasons to find that California courts apply a "motivating reason" standard to mixed motive cases. In Grant-Burton, in a published decision, a California appellate court addressed such a claim for wrongful termination in violation of public policy, where the record reflected that the employer may

also have had legitimate reasons to discharge the plaintiff.  See 99 Cal. App. 4th at 1379.  As the court explained:

> In some cases, the evidence will establish that the employer had "mixed motives" for its employment decision. In a mixed motive case, both legitimate and illegitimate factors contribute to the employment decision.  Once the employee establishes that an illegitimate factor <u>played a motivating or substantial role in an employment decision</u>, the burden falls to the employer to prove by a preponderance of the evidence that it would have made the same decision even if it had not taken the illegitimate factor into account.

<u>Id.</u> (internal quotation marks, citations, and alterations omitted) (emphasis added).  <u>Grant-Burton</u> set forth this "motivating reason" standard eight years *after* the <u>General Dynamics</u> decision, and <u>Grant-Burton</u>'s analysis has not been disturbed during the decade since.

    As noted above, California's official model jury instruction for retaliation in violation of public policy has also adopted the <u>Grant-Burton</u> standard.  <u>See</u> CACI No. 2430 ("To establish this claim, [plaintiff] must prove . . . [t]hat [plaintiff's protected activity] was a <u>motivating reason</u> for [plaintiff's discharge or demotion]." (emphasis added)).  The CACI instructions "are approved by the Judicial Council as the state's official jury instructions under the California Rules of Court (see now Cal. Rules of Court, Rule 2.1050(a))."  CACI at xvii (Preface).

    The <u>Grant-Burton</u> rule best furthers the fundamental policy considerations that are the basis of California's anti-retaliation law.  It is worth remembering that our governing bodies have passed many laws that are designed to prohibit odious conduct, such as laws against discrimination based on race, religion, and gender. Our governing bodies have also passed labor laws designed to

protect important rights of workers, such as rights to health and safety standards, overtime pay, and meal and rest periods.

Retaliation against persons who seek the protection of these important laws, strikes at the heart of those laws; it makes them if not impotent, certainly diminished. Therefore, it is fitting that a jury be asked if retaliation motivated a defendant's actions. If so, a jury would have established that due respect for our laws was not afforded by the defendant. Given the significance of such a finding, it is also fitting that the burden shift to that defendant to "prove by a preponderance of the evidence that it would have made the same decision even if it had not taken the illegitimate factor into account." Grant-Burton, 99 Cal. App. 4th at 1379.

For all of these reasons, the court concludes that California applies a "motivating reason" standard with burden shifting to claims for retaliation or wrongful termination in violation of public policy. The court therefore approves the jury instruction set forth above, in accord with Grant-Burton and CACI No. 2430.[2]

IT IS SO ORDERED.

Dated: August 23, 2012

DEAN D. PREGERSON
United States District Judge

---

[2] The parties agree that, because the court has decided on this standard, the court should also give the "Mixed Motive Defense" instruction, as provided by California Civil Jury Instruction (BAJI) No. 12.26. The parties have incorporated this standard into a single jury instruction, as set forth above.